THIRD DIVISION

                                  Date Filed: September 30, 2003

No. 1-01-3259

JOHN DEWAN, Indiv. and on Behalf    ) Appeal from the

of All Others Similarly Situated,      ) Circuit Court of

                                       ) Cook County.

              Plaintiff-Appellant,     )

                                       )                                         v.                       ) No. 98 CH 15909                                                  )

                                       ) Honorable 

FORD MOTOR COMPANY,                    ) Stephen A. Schiller,

                                       ) Judge Presiding.                        Defendant-Appellee.      ) 
        

     JUSTICE HALL delivered the opinion of the court:

     The plaintiff, John Dewan, appeals from orders of the circuit court of Cook County dismissing his complaint against the defendant, Ford Motor Company (Ford), denying him leave to amend his complaint and denying his motion to set a briefing schedule and hearing date for his petition for attorney fees.  

     During the pendency of this appeal, Ford filed a motion to strike those portions of the plaintiff's appellant's brief dealing with the dismissal of his complaint and the denial of leave to file an amended complaint on the basis that those matters were barred by the doctrines of 
res
 
judicata
 and/or law of the case.  We ordered Ford's motion taken with the case.

     Ford also raises an issue as to this court's jurisdiction to hear this appeal.

     For reasons set forth in this opinion, we conclude that we have jurisdiction of this appeal.  However, we do not reach the merits of the issues raised by the plaintiff as to the dismissal of his complaint and the denial of his request to file an amended complaint because the July 6, 2000, order, denying him leave to file an amended complaint, was not final and appealable in the absence of a finding pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)).

     The jurisdictional questions raised by this appeal require that we set forth the procedural history of this case in some detail.

Circuit Court Proceedings

     On November 17, 1998, the plaintiff, on behalf of himself and all others similarly situated, filed suit against Ford, alleging a breach of the warranty Ford provided to car purchasers and violations of the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act (Magnuson-Moss) (15 U.S.C. §2301 
et
 
seq
. (1994)) and the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Act) (815 ILCS 505/1 
et
 
seq
. (West 1998)).  
The case was removed to federal court.  The case was remanded to the circuit court of Cook County on April 13, 1999.  On October 22, 1999, the plaintiff filed his motion for class certification.  On October 29, 1999, Ford filed motions for leave to file its motion to dismiss the complaint pursuant to section 2-619(a)(9) of the Code of Civil Procedure (the Code) (735 ILCS 5/2-619(a)(9) (West 1998)) and to defer consideration of the plaintiff's motion for class certification.  On November 2, 1999, the circuit court granted Ford's motion for leave to file its motion to dismiss and continued generally the motion for class certification.  

     On February 24, 2000, a hearing was held on Ford's motion to dismiss.  The arguments at the hearing centered on whether the plaintiff would be able to prove damages in light of the fact that the rear sensors on his car had been replaced by Ford.  In response, the plaintiff maintained that his cause of action ripened when Ford failed and then refused to repair the defect or replace the car prior to the suit being filed.  The plaintiff argued that in a breach of warranty action, the damages are based on value as warranted less value as received.  The plaintiff's attorney related that the plaintiff had received an offer from a Ford dealer to purchase his car for $13,000 less than he had paid for it six months before.  Therefore, the car the plaintiff purchased was not worth what he paid because of the defect.  

     The circuit court granted Ford's motion to dismiss.  The following colloquy then occurred:

     "THE COURT: Based on the argument, I'm not sure you can plead around the 2-619 motion.  Or if you wish to, I'll give you an opportunity to file an amended complaint.  

      MR. ROBINSON (the plaintiff's attorney): Let me think about it.  You had mentioned when they brought their motion that it may be a situation where we would replace the plaintiff with someone who hasn't had their car fixed.

      THE COURT: You also need a complaint.

      Maybe the best thing to do is dismiss it at this point unless you want to come in on a motion in 30 days to file an amended complaint, which I'll be amendable [
sic
] to.  But this isn't substituting a defendant [
sic
].

      I find this defendant [
sic
] doesn't have a cause of action based upon what I have before me.  So in any event, even if you did find a new plaintiff, the plaintiff would have to allege something more than Mr. Dewan alleged here.

      MR. ROBINSON: To assist me in determining whether to amend, the repair negated any damages - -

      THE COURT: There doesn't appear to be any cognizable damages here.

      Prepare an order.  As I said, if you come within 30 days, I'll consider the possibility of allowing an amended complaint."  

     The February 24, 2000, order of dismissal provided in pertinent part as follows:

"PLAINTIFF'S COMPLAINT IS DISMISSED WITH PREJUDICE FOR THE REASONS STATED IN COURT."  

     On March 23, 2000, the plaintiff filed a motion for leave to file an amended complaint.  Ford filed an objection to the motion arguing that because the complaint was dismissed with prejudice, there was nothing left to amend.  Ford also argued that the plaintiff's proposed amendments did not resolve the problems that had resulted in the dismissal of the plaintiff's complaint.  

     On April 26, 2000, the plaintiff presented his motion for leave to file his amended complaint.  Ford maintained that the circuit court lacked jurisdiction to consider whether the amended complaint stated a cause of action because the plaintiff had not filed a proper postjudgment motion challenging the February 24, 2000, order.  Addressing the jurisdictional question, the circuit court stated as follows:

     "I indicated that if there was some basis, I might allow them to amend, and indicated that within the 30 day period that I retain jurisdiction, I would consider such a motion.  They say they filed such a motion within 30 days.  So it is consistent with my holding."  

Ford's attorney also represented to the court that at the time the dismissal order was drafted, the plaintiff's attorney preferred that the dismissal be with prejudice because he intended to appeal the decision immediately.  The circuit court then stated as follows:

     "I will decide that question now.  I have jurisdiction.

      I think it is clear on the record I indicated that if he filed within 30 days, I would consider granting him the opportunity to file a new complaint.

      With prejudice is to allow a party to attempt to express a cause of action until it becomes abundantly clear they can't do so.  They really haven't filed that much.  They haven't made that much effort in that respect."  

     On July 6, 2000, a hearing was held on the plaintiff's motion for leave to file an amended complaint.  Ford argued that even though the plaintiff's amended complaint included two new factual allegations relating to the diminished value of his car and two new legal counts, breach of promise to repair and injunctive relief, these allegations and theories had previously been raised and dealt with in the hearing on Ford's motion to dismiss.  Ford also argued that the plaintiff could not now seek injunctive relief because he sought only legal remedies in his original complaint.  

     In response, the plaintiff maintained that Ford was still in breach of its warranty because it had not replaced all of the sensors, even though the front sensors had not yet caused a problem.  The plaintiff argued that he had pleaded damages because Ford had sold him a car with defects, making the car not worth its purchase price.  The plaintiff sought injunctive relief to force Ford to inform other car purchasers of the defective sensors so that they could be replaced prior to the expiration of the warranty period.  

     Based on section 2-619, the circuit court denied the motion for leave to amend the complaint, finding that the plaintiff had failed to plead any real cognizable damages. 

     The plaintiff's attorney informed the court that he intended to file a petition for attorney fees, since the plaintiff's car was not repaired until after he filed suit.  The court responded, "I think you can do that."  The plaintiff's request for a finding pursuant to Rule 304(a) was denied because the circuit court believed that there was nothing else pending. 

     On August 3, 2000, the plaintiff filed a petition for attorney fees pursuant to the Consumer Act and Magnuson-Moss.  Then, on August 7, 2000, the plaintiff filed a notice of appeal from the circuit court's orders of February 24, 2000, dismissing his original complaint and July 6, 2000, denying leave to amend his complaint.  On September 13, 2000, the circuit court entered an order continuing generally the plaintiff's petition for attorney fees.  

Appellate Court Proceedings  

     Ford filed a motion to dismiss the plaintiff's appeal for lack of appellate jurisdiction.  Ford contended that the plaintiff's August 7, 2000, notice of appeal was untimely since the plaintiff's complaint was dismissed with prejudice on February 24, 2000, and that a motion for leave to file an amended complaint did not extend the time for filing the notice of appeal.  In addition, Ford argued that the circuit court had no jurisdiction to enter the July 6, 2000, order since the court had lost jurisdiction 30 days after the entry of the February 24, 2000, order.  

     On January 4, 2001, this court entered an order granting Ford's motion and dismissed the plaintiff's appeal.

     The plaintiff filed a petition for rehearing requesting that this court provide a basis for its dismissal of his appeal.  The plaintiff argued, 
inter
 
alia
, that the February 24, 2000, order was not a final order because the circuit court had indicated that he could file an amended complaint.  He further argued that, because his claim for attorney fees had not yet been ruled on, his notice of appeal was actually premature, rather than late.   

     On January 26, 2001, this court entered an order requiring Ford to file a response to the petition for rehearing.  On February 8, 2001, this court denied the plaintiff's petition for rehearing.  

     Thereafter, the plaintiff's request for a supervisory order from the Illinois Supreme Court and his petition for leave to appeal were denied.

Subsequent Circuit Court Proceedings

     On August 7, 2001, the plaintiff, having re-noticed his petition for attorney fees, appeared before the circuit court and requested that the court set a briefing schedule and a hearing date.  Ford opposed the motion, citing this court's dismissal of the plaintiff's appeal.  In light of this court's dismissal of the appeal, the circuit court denied the plaintiff's motion for lack of jurisdiction.    

     The plaintiff filed his notice of appeal on August 30, 2001. 
 ANALYSIS

I. Appellate Jurisdiction

A. Standard of Review

     A dismissal based upon lack of jurisdiction is subject to 
de
 
novo
 review where the facts are not in dispute.  
In re Marriage of Wiseman
, 316 Ill. App. 3d 631, 634-35, 737 N.E.2d 325, 329 (2000).  In this case, the facts as to the jurisdictional issue raised are not in dispute.  

B. Discussion

     Ford contends that this court lacks jurisdiction of the plaintiff's present appeal because the plaintiff failed to file his notice of appeal within 30 days of the circuit court's February 24, 2000, order, which, Ford maintains, was final and appealable.       

     An order is final and appealable if it terminates the litigation between the parties on the merits or disposes of the rights of the parties either on the entire controversy or a separate part thereof.  
Blott v. Hanson
, 283 Ill. App. 3d 656, 660, 670 N.E.2d 345, 348 (1996).  

     The effect of a dismissal order is determined by its substance and not by the incantation of any particular magic words, and therefore, a trial court's description of a final judgment as being "'without prejudice'" is of no greater logical effect than a trial court's statement that a nonfinal dismissal judgment is "'with prejudice.'"   
Schal Bovis, Inc. v. Casualty Insurance Co.
, 314 Ill. App. 3d 562, 568, 732 N.E.2d 1082, 1087 (1999).  Whether a trial court's dismissal order is final is not a function of its words but of its effect.  
Schal Bovis, Inc.
, 314 Ill. App. 3d at 568, 732 N.E.2d at 1087.  If the dismissal is because of a deficiency that could be cured by a simple technical amendment, the order is not the subject of appeal.  On the other hand, if the dismissal is because of a perceived substantive legal deficiency, the dismissal order is final.  
Schal Bovis, Inc.
, 314 Ill. App. 3d at 568, 732 N.E.2d at 1087-88.  

     The orders of the trial court must be interpreted from the entire context in which they were entered, with reference to other parts of the record including the pleadings, motions and issues before the court and the arguments of counsel.  
P&A Floor Co. v. Burch
, 289 Ill. App. 3d 81, 88, 682 N.E.2d 107, 111 (1997).  Orders must be construed in a reasonable manner so as to give effect to the apparent intention of the trial court.  
P&A Floor Co.
, 289 Ill. App. 3d at 88-89, 682 N.E.2d at 111; see also 
People v. Ryan
, 259 Ill. App. 3d 611, 614, 631 N.E.2d 348, 351 (1994) ("[c]ollectively, the context in which the trial judge ruled, the issues he was deciding, and the judge's own observations about the defendant's motion demonstrate that he did not intend his order to be a final adjudication on the merits").

     In the present case, the circuit court was asked to rule on Ford's section 2-619(a)(9) motion.  

     Section 2-615 motions (735 ILCS 5/2-615 (West 1998)) and section 2-619 motions differ in that the former attack the sufficiency of the complaint and the latter, while admitting the legal sufficiency of the complaint, raise defects, defenses or other affirmative matter appearing on the face of the complaint or established by external submissions which defeat the action.  
Joseph v. Chicago Transit Authority
, 306 Ill. App. 3d 927, 930, 715 N.E.2d 733, 736 (1999).  

     The affirmative matter asserted by Ford in this case was the fact that the plaintiff's car had been repaired and, therefore, the plaintiff could not prove damages, a necessary element of his cause of action. 

     Nonetheless, the record in the instant case demonstrates that the circuit court intended that the plaintiff have an opportunity to amend the complaint.
(footnote: 1)  This was not a case where the plaintiff had not sustained damages as a matter of law but, rather, the damages that he had alleged at that point had been resolved by the repair.  In his amended complaint, the plaintiff again pleaded the diminished value of the car but now alleged as the basis for the diminished value of his car the sensors that Ford did not replace.  Thus, the plaintiff's failure to plead damages beyond those resolved by the repair, which resulted in the dismissal of his complaint, was a deficiency that could be cured by a simple technical amendment, 
i.e.
, by pleading additional facts supporting his damages claim.  Therefore, the fact that the order provided that the dismissal was "with prejudice" did not make the order final and appealable when it was entered.  See 
Schal Bovis, Inc.
, 314 Ill. App. 3d at 568, 732 N.E.2d at 1087-88. 

     Ford maintains, however, that the "with prejudice" language was inserted in the order at either the plaintiff's request or at least with his consent.  However, because the effect of the order is determined by its substance, regardless of who added the "with prejudice" language, the order was nonfinal for purposes of appeal.

     We conclude that the plaintiff's failure to file an appeal within 30 days of the entry of the February 24, 2000, order does not deprive this court of jurisdiction of the plaintiff's appeal in this case.

II. 
Res
 
Judicata
 

     Ford then contends that in the plaintiff's prior appeal, this court determined that his appeal was late and, therefore, the issues as to the dismissal of the complaint and denial of leave to amend are barred by the doctrines of 
res
 
judicata
 and law of the case.  

A. 
Res
 
Judicata

     The doctrine of 
res
 
judicata
 is that a cause of action may not be relitigated by the same parties or those in privity with them in a subsequent proceeding before the same or any other tribunal, except as the judgment may be brought before a court of appellate jurisdiction for review in the manner provided by law. 
 
People v. Kidd
 398 Ill. 405, 410, 75 N.E.2d 851, 854 (1947).

     Ford contends that this court's dismissal of the plaintiff's prior appeal was due to the fact the February 24, 2000, order was a final order, and the plaintiff failed to file a timely appeal from that order.  Ford reasons that, by its dismissal order of January 4, 2002, this court has already determined that it could not address the correctness of the circuit court's orders of February 24, 2000, and July 6, 2000.

     This court's order did not set forth the specific jurisdictional defect requiring the dismissal of the plaintiff's prior appeal.  Nonetheless, Ford maintains that because our January 4, 2001, order specified that this court was granting Ford's motion to dismiss, this court must have dismissed the plaintiff's original appeal on the basis cited in Ford's motion, namely, that the plaintiff's notice of appeal was filed too late. 

We disagree.

     Inasmuch as we have determined that the February 24, 2000, order was not a final order because the plaintiff was allowed to amend his complaint, the plaintiff's appeal was not filed too late but, in fact, was filed prematurely.

     In this case, the plaintiff requested attorney fees in his complaint.  When the circuit court denied the plaintiff's motion for leave to amend his complaint on July 6, 2000, it also denied the plaintiff's request for a finding pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)).  The plaintiff's attorney informed the court that he intended to file a petition for attorney fees.  On August 3, 2000, the plaintiff filed his petition for attorney fees pursuant to the Consumer Act and Magnuson-Moss.  On August 7, 2000, without waiting for the circuit court to rule on the petition for attorney fees, the plaintiff filed his notice of appeal.  

     A request for attorney fees is a claim within the meaning of Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)).  
Brown & Kerr, Inc. v. American Stores Properties, Inc.
 306 Ill. App. 3d 1023, 1028, 715 N.E.2d 804, 808 (1999).  This is so whether the fees are sought pursuant to statute, such as the entry of sanctions for false pleadings, or pursuant to a contract provision.  
Brown & Kerr, Inc.
, 306 Ill. App. 3d at 1028, 715 N.E.2d at 808-09.  

     "
[I]f a trial court has jurisdiction
 to hear a claim for 
fees, any other judgment entered in the case before the claim for fees is ruled upon is or becomes nonfinal and nonappealable when the claim for fees is made, unless the prior judgment contains the language set forth in [Rule 304(a)], that there is no just reason to delay enforcement or appeal."  (Emphasis in original.)  
F.H. Prince & Co. v. Towers Financial Corp.
, 266 Ill. App. 3d 977, 983-84, 640 N.E.2d 1313, 1317 (1994). 

     However, a claim for attorney fees is not a posttrial motion within the ambit of sections 2-1202 and 2-1203 of the Code of Civil Procedure (735 ILCS 5/2-1202, 2-1203 (West 2000)), nor, even if viewed as a motion to modify the judgment, is it a posttrial motion "'directed against the judgment'" within the meaning of Supreme Court Rule 303(a) (155 Ill. 2d R. 303(a)).  
Brown & Kerr, Inc.
, 306 Ill. App. 3d at 1028, 715 N.E.2d at 809.  

     Our courts have recognized a distinction between a claim for fees that is brought as part of a principle action and a claim made after the principal action has been decided.  
Servio v. Paul Roberts Auto Sales, Inc.
, 211 Ill. App. 3d 751, 759, 570 N.E.2d 662, 666 (1991).  In the latter situation, a Rule 304(a) finding is not required.  
Servio
, 211 Ill. App. 3d at 759, 570 N.E.2d at 666. 

     In 
Servio
, the court determined that the defendants' motion for attorney fees pursuant to the Consumer Act was not a posttrial motion and did not need to be resolved before the last posttrial motion was disposed of for the purposes of Rule 303.  
Servio
, 211 Ill. App. 3d at 758, 570 N.E.2d at 666.  The court noted that in construing similar federal statutes, the federal courts generally interpreted attorney fee claims under those statutes as collateral and not affecting the finality or appealability of the judgment in the principal action.  
Servio
, 211 Ill. App. 3d at 760, 570 N.E.2d at 667.   However, if the judgment sought includes an order to pay attorney fees but leaves the calculation for a later date, the judgment is not final for purposes of federal appellate jurisdiction.  
Servio
, 211 Ill. App. 3d at 760, 570 N.E.2d at 667.

    The court also determined that a Rule 304(a) finding was not necessary in the case before it, explaining as follows:

"If the defendant raises his claim as a counterclaim, it must be resolved or a Rule 304(a) finding must be entered before the order disposing of the plaintiff's claim is appealable.  In contrast, if the defendant brings his claim as a separate action, the trial court's failure to rule on the motion will not prevent the order disposing of the original claim from being appealable without a Rule 304(a) finding."  
Servio
, 211 Ill. App. 3d at 759, 570 N.E.2d at 667, relying on 
Hise v. Hull
, 116 Ill. App. 3d 681, 684-85, 452 N.E.2d 372, 375 (1983).
(footnote: 2)
See also 
Brown & Kerr, Inc.
, 306 Ill. App. 3d at 1029, 715 N.E.2d at 809 (both the complaint and counterclaim raised attorney fee claims, and the failure to dispose of the claims rendered the judgment order nonfinal for purposes of appeal in the absence of Rule 304(a) language).  

     In the case before us, the plaintiff made a claim for fees in his complaint.  Thus this case differs from 
Servio
 in that in 
Servio
, the defendants did not make a claim for attorney fees until after the judgment had been entered, while in the present case, the plaintiff made a claim for attorney fees in his complaint.
(footnote: 3)
     Because the plaintiff had raised the claim for attorney fees in his complaint, the July 6, 2000, judgment was nonfinal and nonappealable until after the resolution of the plaintiff's request for attorney fees.

     In the absence of a Rule 304(a) finding, the July 6, 2000, order was not appealable, because of the pending attorney fees issue.  
Lacking jurisdiction of the plaintiff's prior appeal because it was premature, not because it was late, we were required to dismiss that appeal.  

     Since the plaintiff's prior appeal was premature, this court's order of January 4, 2001, dismissing the appeal was not a final judgment or decree upon the merits, since the plaintiff could appeal those issues once he received a final and appealable order.  

     Therefore, the doctrine of 
res
 
judicata
 does not bar review of the orders of February 24, 2000, and July 6, 2000.

B. Law of the Case

     "Under the law of the case doctrine:

          '[A] legal decision made at one stage of       litigation, unchallenged in a subsequent appeal when       the opportunity to do so existed, becomes the law of       the case for future stages of the same litigation, and       the parties are deemed to have waived the right to       challenge that decision at a later time.  [Citations.]        The doctrine encompasses a court's explicit decisions,       as well as those issues decided by necessary       implication.' [Citation.]"  
Aardvark Art, Inc. v. 
            
Lehigh/Steck-Warlick, Inc.
, 284 Ill. App. 3d 627, 632-        33, 672 N.E.2d 1271, 1276 (1996).

"'The law of the case doctrine provides that a question of law decided on a previous appeal is binding on the trial court on remand as well as the appellate court on a subsequent appeal.' [Citation.]"  
Aardvark Art, Inc.
, 284 Ill. App. 3d at 633, 627 N.E.2d at 1276.

     However, "'invoking the law of the case might still not preclude reconsideration of an earlier judge's order if the facts before the court changed or error or injustice were manifest.' [Citation.]"  
Aardvark Art, Inc.
, 284 Ill. App. 3d at 633, 627 N.E.2d at 1276.

     Although this court did not state the basis for the January 4, 2001, dismissal of the plaintiff's prior appeal, we have now determined that plaintiff's prior appeal was premature in the absence of a Rule 304(a) finding.  We decided no other issues of law in dismissing the appeal, and therefore, the law of the case doctrine does not bar the present appeal.

III. Circuit Court's Dismissal for Lack of Jurisdiction   

     The circuit court ruled that it lacked jurisdiction to rule on the plaintiff's petition for attorney fees in light of this court's dismissal of the plaintiff's original appeal.  Given our conclusion that the plaintiff's prior appeal was premature, rather than late, the circuit court's determination that it lacked jurisdiction to rule on the plaintiff's fee petition was error.  Because the plaintiff's first appeal was dismissed as premature, the plaintiff may ultimately seek review of the issues as to the dismissal of his complaint and the denial of leave to amend. 

IV. Conclusion

     In summary, we conclude that the February 24, 2000, order, was a nonfinal order and therefore, the plaintiff's failure to appeal from that order did not deprive this court of jurisdiction of either the plaintiff's prior or present appeal.  We further conclude that the plaintiff's August 7, 2000, notice of appeal was premature, rather than late, due to the pendency of his attorney fee claim and in the absence of a Rule 304(a) finding. Neither 
res
 
judicata
 nor the law of the case doctrine bars the ultimate consideration of the dismissal of the plaintiff's complaint and the denial of leave to amend.  Finally, we conclude that the circuit court's order dismissing the plaintiff's petition for attorney fees for lack of jurisdiction was error.

     The July 6, 2000, order was not a final and appealable order, because the plaintiff's claim for attorney fees was pending, and in the absence of a Rule 304(a) finding, the issues raised by plaintiff in this appeal are not yet properly before us.  See 
F.H. Prince & Co.
, 266 Ill. App. 3d at 992-93, 640 N.E.2d at 1323.

     We deny Ford's motion to strike.  The judgment of the circuit court is reversed, and the cause is remanded for a hearing on the plaintiff's petition for attorney fees or, in the alternative, for a Rule 304(a) finding. 

     Reversed and remanded with directions.

     SOUTH and WOLFSON, JJ., concur.

.

     

     

     

      

     

      

FOOTNOTES
1:
The circuit court's comments at the hearing on the motion to dismiss the complaint that the plaintiff did not state a cause of action and that the plaintiff would have to "allege more" would suggest that the circuit court was thinking along the lines of a section 2-615 motion, the granting of which would normally have included an opportunity for the plaintiff to amend his complaint.

2:
The 
Servio
 court acknowledged that the 
Hise
 court limited its holding to postjudgment motions pursuant to section 2-611 (now 735 ILCS 5/2-611 (West 2000)) but noted that the 
Hise
 reasoning had been applied in two later cases concerning statutes other than section 2-611.  
Servio
, 211 Ill. App. 3d at 759, 570 N.E.2d at 667.

3:
In 
Servio
, the opinion does not state whether the defendants requested attorney fees in answer to the complaint.  However, the defendants did file a motion for witness and attorney fees apparently when the case was dismissed for want of prosecution (DWP).  When the plaintiff's motion to vacate the DWP was granted, the trial court reserved ruling on the defendants' motion for fees.  Later, the trial court granted the plaintiff's motion for a mistrial and reassignment of the case, with the proviso that the defendants be allowed to offset witness and attorney fees against any judgment exceeding $1,000.