No. 2--07--0525     Filed:  12-2-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| JANET JACKSON, | ) | Appeal from the Circuit Court of |
| | ) | Lake County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 06--L--958 |
| | ) | |
| VICTORY MEMORIAL HOSPITAL, | ) | |
| CYNTHIA WAIT, and ERICK KIRCH, | ) | Honorable |
| | ) | David M. Hall, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the opinion of the court:

Plaintiff, Janet Jackson, appeals the trial court's dismissal of her medical malpractice complaint against defendants, Victory Memorial Hospital (VMH), Cynthia Wait, M.D., and Erick Kirch, M.D.[1] For the following reasons, we reverse and remand.

I.  BACKGROUND

On February 7, 2005, plaintiff filed a pro se complaint against defendants, asserting claims of medical malpractice.  VMH moved to dismiss the complaint, under sections 2--615 and 2--619 of the Code of Civil Procedure (Code) (735 ILCS 5/2--615, 2--619 (West 2004)).  VMH alleged that: (1) the complaint should be dismissed under section 2--615 because it failed to state a cause of action for which relief could be granted; and (2) the complaint should be dismissed under section 2--619

_____

[1]  "Erick Kirch, M.D." is actually Everett Kirch, M.D.

because plaintiff failed to submit the affidavit and physician's report required by section 2--622 of the Code (735 ILCS 5/2--622 (West 2004)). Wait and Kirch moved to dismiss the complaint under section 2--619 of the Code, based on plaintiff's failure to comply with Supreme Court Rule 103(b) (177 Ill. 2d R. 103(b)) and based on plaintiff's failure to submit the affidavit and physician's report required by section 2--622.

On June 15, 2005, the trial court granted VMH's motion to dismiss under section 2--615 of the Code, granted plaintiff leave to replead, and set a July 6, 2005, status date.

On July 6, 2005, plaintiff advised the trial court that she had retained an attorney, and the trial court continued the matter for a status hearing on August 3, 2005.

On August 17, 2005, plaintiff advised the trial court that she had not retained an attorney. The trial court ordered that plaintiff must replead within 28 days, and it set a September 21, 2005, status date.

On September 21, 2005, plaintiff advised the trial court that she had retained an attorney. The court ordered that an attorney must appear and file an appearance on October 4, 2005.

On October 4, 2005, the trial court ordered as follows:

"This matter has been continued [several] times for status on plaintiff's obtaining representation. Plaintiff is still without representation. Should she wish to replead against [VMH] she must do so by notice and motion within the next 28 days Nov 1, 2005[.]" (Emphasis in original.)

The trial court set a November 22, 2005, status date.

On November 22, 2005, the trial court granted plaintiff 28 days to have counsel file an appearance, and it set a December 20, 2005, status date.

On December 20, 2005, plaintiff moved to voluntarily dismiss the complaint under section 2--1009 of the Code, which provides that "[t]he plaintiff may, at any time before trial or hearing begins, *** dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause." 735 ILCS 5/2--1009(a) (West 2004). The trial court granted plaintiff's motion, ruling as follows:

"Plaintiff's Motion to Voluntarily Non-Suit is granted with costs to be paid to Defendants upon refiling, and whereupon Drs. Kirch and Waite's [sic] Motions to Dismiss are to be reinstated upon refiling."

On December 20, 2006, one year after her voluntary dismissal, plaintiff, with the assistance of counsel, refiled her complaint against defendants. Plaintiff's newly filed complaint alleged that she was treated by defendants in 2003 for Crohn's disease and that Wait and Kirch, as agents, servants, and/or employees of VMH, negligently prescribed certain medications while she was a patient at VMH. Plaintiff alleged that the medications caused adverse medical reactions and severe, permanent, and debilitating injuries. In addition, plaintiff alleged that, as a direct and proximate result of the negligence, she expended and became liable for large sums of money for medical care. Plaintiff's attorney attached to the complaint an affidavit pursuant to section 2--622(a)(2) of the Code. In the affidavit, plaintiff's attorney asserted that he was unable to obtain the medical consultation required by section 2--622(a)(1), because the statute of limitations would hinder the action (the limitations period expired the day the complaint was refiled) and that, thus, he needed a 90-day extension to obtain the required affidavit and report.

On January 23, 2007, VMH moved to dismiss the newly filed complaint under section 2--619 on the grounds that it was barred by res judicata. According to VMH, the newly filed complaint was

barred by the trial court's June 15, 2005, dismissal of plaintiff's initial complaint for failure to state a claim and by plaintiff's subsequent voluntary dismissal of the initial complaint. On that same day, Kirch moved to dismiss based on plaintiff's alleged failure to comply with section 2--622. In the alternative, Kirch requested that his "original motion to dismiss [the initial complaint] be reinstated and[] ruled upon by the trial court." Wait was granted leave to join Kirch's motion to dismiss. The trial court gave plaintiff until February 12, 2007, to respond to VMH's motion and until February 7, 2007, to respond to Kirch and Wait's motion.

On March 12, 2007, plaintiff moved to file her response to VMH's motion instanter, and she requested an extension of time to obtain certain medical records needed to prepare her section 2--622(a)(1) affidavit.

On March 20, 2007, the trial court granted both motions to dismiss. With respect to Kirch and Wait, the trial court agreed that plaintiff failed to file "either a physician's report pursuant to Section 2--622 of the Code or an appropriate affidavit pursuant to Section 2--622 of the Code." Relying on Cargill v. Czelatdko, 353 Ill. App. 3d 654 (2004), the court found that plaintiff's attorney's affidavit regarding the physician's report was insufficient because it failed to declare, as required by section 2--622(a)(2), that plaintiff had not previously voluntarily dismissed an action based on the same or substantially the same acts, omissions, or occurrences.

With respect to VMH, the court found that plaintiff's claims were barred by res judicata because: (1) the refiled action involved the same allegations and parties as the initial complaint; (2) on June 15, 2005, the court granted VMH's motion to dismiss the initial complaint; (3) despite numerous extensions, plaintiff failed to replead and, instead, in December 2005, voluntarily dismissed

her initial complaint; (4) the June 15, 2005, order became final and appealable upon plaintiff's voluntary dismissal; and (5) plaintiff did not appeal that order.

The court denied plaintiff's motion to reconsider. Plaintiff appeals both orders.

## II. ANALYSIS

### A. Kirch and Wait

We first address whether the trial court properly granted Kirch and Wait's section 2--619 motion to dismiss based on plaintiff's alleged failure to comply with section 2--622. We review de novo a dismissal under section 2--619 of the Code. DeLuna v. Burciaga, 223 Ill. 2d 49, 59 (2006).

Under section 2--622(a)(1) of the Code, when a plaintiff files a medical malpractice complaint, the plaintiff's attorney (or the plaintiff, if proceeding pro se) must attach to the complaint an affidavit stating that he or she has consulted with a "health professional" and that the health professional has determined in a written report (which must also be attached to the complaint) that "there is a reasonable and meritorious cause for the filing of such action." 735 ILCS 5/2--622(a)(1) (West 2006). Before 1995, section 2--622(a)(2) provided that a medical malpractice plaintiff was entitled to a 90-day extension to file the affidavit and medical report required under section 2--622(a)(1) if he or she filed an affidavit declaring "[t]hat the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the consultation could not be obtained before the expiration of the statute of limitations." 735 ILCS 5/2--622(a)(2) (West 1994).

The Civil Justice Reform Amendments of 1995 (Pub. Act 89--7, eff. March 9, 1995) amended section 2--622 in two respects. Relevant to this appeal, section 2--622(a)(2) was amended to add another requirement to the affidavit, specifically, a declaration that the "plaintiff has not previously

voluntarily dismissed an action based on the same or substantially the same acts, omissions, or occurrences." Pub. Act 89--7, eff. March 9, 1995 (amending 735 ILCS 5/2--622(a)(2)(West 1994)).

On December 18, 1997, our supreme court in Best v. Taylor Machine Works, 179 Ill. 2d 367, 467 (1997), held Public Act 89--7 void in its entirety. Although the amendments made to section 2--622 were not held substantively unconstitutional, they were nevertheless struck down on severability principles. With the decision in Best, the Act reverted to the pre-1995 version.

In February 1998, the General Assembly passed Public Act 90--579, which amended section 2--622 by adding naprapaths to its coverage. See Pub. Act 90--579, eff. May 1, 1998. When it did so, it did not add naprapaths to the pre-1995 version; rather, it added naprapaths to the version struck down in Best (the version that required under section 2--622(a)(2) a declaration in the affidavit that the "plaintiff has not previously voluntarily dismissed an action based on the same or substantially the same acts, omissions, or occurrences"). Therefore, under the 1998 version of section 2--622, a plaintiff was precluded from obtaining a 90-day extension to file the required affidavit and report if the plaintiff had previously voluntarily dismissed the same or substantially the same cause of action. See 735 ILCS 5/2--622(a)(2) (West 1998).

After plaintiff filed her initial complaint (and prior to the date on which she filed her new complaint), the legislature passed Public Act 94--677 (Pub. Act 94--677, eff. August 25, 2005), which again amended section 2--622 of the Code. When plaintiff refiled her complaint on December 20, 2006, section 2--622 provided, in relevant part, as follows:

"2--622. Healing art malpractice.

(a) In any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice,

the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:

1. That the affiant has consulted and reviewed the facts of the case with a health professional ***; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action. *** A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, including the reviewing health care professional's name, address, current license number, and state of licensure, must be attached to the affidavit. ***

2. That the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. If an affidavit is executed pursuant to this paragraph, the affidavit and written report required by paragraph 1 shall be filed within 90 days after the filing of the complaint. No additional 90-day extensions pursuant to this paragraph shall be granted, except where there has been a withdrawal of the plaintiff's counsel. The defendant shall be excused from answering or otherwise pleading until 30 days after being served with an affidavit and a report required by paragraph 1.

* * *

(g) The failure of the plaintiff to file an affidavit and report in compliance with this Section shall be grounds for dismissal under Section 2--619.

(h) This Section does not apply to or affect any actions pending at the time of its effective date, but applies to cases filed on or after its effective date.

***

(j) The changes to this Section made by this amendatory Act of the 94th General Assembly apply to causes of action accruing on or after its effective date." 735 ILCS 5/2--622 (West 2006).

The court ruled that plaintiff's attorney's affidavit was insufficient under section 2--622(a)(2) because the affidavit failed to declare that plaintiff had not previously voluntarily dismissed an action based on the same or substantially the same facts and, thus, it dismissed plaintiff's newly filed complaint.

We hold that the trial court's dismissal of the complaint was erroneous because, under the applicable version of section 2--622 of the Code, such a declaration was not required. Plaintiff filed her new complaint after the effective date of Public Act 94--677, and, thus, its provisions apply. 735 ILCS 5/2--622(h) (West 2006); see Calamari v. Drammis, 286 Ill. App. 3d 420, 426 (1997) (applying amended version of section 2--622, where the plaintiff refiled her complaint after the effective date of the amendment). Effective August 25, 2005, section 2--622(a)(2) no longer contained the requirement that a plaintiff proceeding thereunder must declare "[t]hat the plaintiff has not previously voluntarily dismissed an action based upon the same or substantially the same acts, omissions, or occurrences" (735 ILCS 5/2--622(a)(2) (West 2004)). Therefore, under the plain language of section

2--622(a)(2), contrary to the trial court's holding, plaintiff was entitled to the 90-day extension to file the affidavit and medical report required under section 2--622(a)(1), irrespective of whether she had previously voluntarily dismissed her cause of action. 735 ILCS 5/2--622(a)(1), (a)(2) (West 2006).

We also note that, even if the 1998 version of section 2--622 applied, plaintiff was nevertheless entitled to the 90-day extension. As noted, the court's ruling that plaintiff's attorney's affidavit was insufficient under section 2--622(a)(2) for failing to declare that plaintiff had not previously voluntarily dismissed an action based on the same or substantially the same facts was based on Cargill, 353 Ill. App. 3d 654, and its interpretation of the 1998 version of section 2--622(a)(2). In Cargill, the Fourth District held that, "in looking at the plain language of [section 2--622(a)(2)], if a physician's report is not attached to the complaint, the plaintiff must attach an affidavit indicating that he [or she] 'has not previously voluntarily dismissed an action based upon the same or substantially the same acts' " to be entitled to a 90-day extension. Cargill, 353 Ill. App. 3d at 661, quoting 735 ILCS 5/2--622(a)(2) (West 2002). Recently, however, the Illinois Supreme Court reversed Cargill in O'Casek v. Children's Home & Aid Society of Illinois, 229 Ill. 2d 421 (2008).

The issue in O'Casek was whether the legislature intended, when it passed the 1998 version of section 2--622, to reenact the version struck down by Best (which included the language precluding a plaintiff from obtaining a 90-day extension under section 2--622(a)(2) if the plaintiff had previously voluntarily dismissed an action based on the same or substantially the same facts). Following an examination of the legislative history of the 1998 version of section 2--622, the supreme court concluded that the legislature did not intend to reenact the version struck down in Best and that the inclusion in section 2--622(a)(2) of the language concerning previous voluntary dismissals was "legislative oversight." O'Casek, 229 Ill. 2d at 447. The court held that, contrary to Cargill's holding,

under the 1998 version of section 2--622, a plaintiff was not precluded from obtaining a 90-day extension if the plaintiff had previously voluntarily dismissed an action based on the same or substantially the same facts. O'Casek, 229 Ill. 2d at 450. Therefore, based on O'Casek, even if the 1998 version of section 2--622 applied here, plaintiff's attorney's affidavit was not insufficient for failing to declare that plaintiff had not previously voluntarily dismissed an action based upon the same or substantially the same facts.

Kirch and Wait maintain in the alternative that, even if we find that plaintiff was entitled to the 90-day extension, we should affirm the trial court's dismissal, based on plaintiff's failure to file the required affidavit and medical report within those 90 days. Without any citation to authority, Kirch and Wait maintain that "no further extensions can be granted" and that, thus, plaintiff's failure to file the affidavit and report within the 90-day period is dispositive. We disagree.

Although the 2005 version of section 2--622(a)(2) provides that "[n]o additional 90-day extensions pursuant to this paragraph shall be granted, except where there has been a withdrawal of the plaintiff's counsel" (735 ILCS 5/2--622(a)(2) (West 2006)), it also provides that "[t]he changes to this Section made by this amendatory Act of the 94th General Assembly apply to causes of action accruing on or after its effective date" (735 ILCS 5/2--622(j) (West 2006)). The prohibition against any "additional 90-day extensions" was added when the legislature passed Public Act 94--677 (Pub. Act 94--677, eff. August 25, 2005); therefore, it does not apply to plaintiff's cause of action, which accrued in 2003. See 735 ILCS 5/2--622(j) (West 2006).

Because the express prohibition against "additional 90-day extensions" does not apply to plaintiff, the trial court did have discretion to extend the period for filing the affidavit and medical report beyond the 90 days specified by section 2--622(a)(2). See Woodard v. Krans, 234 Ill. App.

3d 690 (1992). In <u>Woodard</u>, the defendants argued "that, by providing a specific 90-day period in section 2--622(a)(2), the legislature intended that a medical malpractice plaintiff have only 90 days after the filing of the complaint to provide the required documentation." <u>Woodard</u>, 234 Ill. App. 3d at 701. This court rejected that argument, stating: "This argument is patently without merit. The appellate court has already recognized that a trial court has the discretion to allow, for good cause, filings that are not timely even under the deadline provided in section 2--622(a)(2)." <u>Woodard</u>, 234 Ill. App. 3d at 701, citing <u>Garland v. Kauten</u>, 209 Ill. App. 3d 30, 35-36 (1991), <u>Wasielewski v. Gilligan</u>, 189 Ill. App. 3d 945, 950-51 (1989), and <u>Hauk v. Day</u>, 167 Ill. App. 3d 758 (1988). We further noted that "[s]uch a construction is consistent not only with the principle that section 2--622 is to be construed liberally [citation], but also with the trial court's power under both Supreme Court Rule 183 (134 Ill. 2d R. 183) and section 2--1007 of the Code of Civil Procedure [(735 ILCS 5/2--1007 (West 2006))] to grant continuances for good cause." <u>Woodard</u>, 234 Ill. App. 3d at 701.

Under the statute in effect at the time, plaintiff was entitled to 90 days from the date she refiled her claim. The dismissal on March 20, 2007, occurred on the ninetieth day. However, on March 12, 2007, plaintiff had requested an extension of time to locate medical records that were needed to prepare the affidavit and medical report required by section 2--622(a)(1). There is no evidence that, at the March 20, 2007, hearing, the trial court considered plaintiff's request for an additional extension. Instead of conducting a hearing to determine whether plaintiff had established good cause for another extension, the trial court erroneously relied on the belief that plaintiff was not entitled to <u>any</u> extension beyond the filing date of December 20, 2006.

Accordingly, we remand the cause for the trial court to consider whether plaintiff can meet her burden of good cause shown for an additional extension to comply with the 2005 version of section 2--622(a)(1), and, if plaintiff cannot, the trial court may dismiss her complaint.

B. Whether Plaintiff's Claims Against VMH Were Barred by Res Judicata

Plaintiff next argues that the trial court erred in granting VMH's section 2--619 motion to dismiss the newly filed complaint, based on res judicata. We review the issue de novo. DeLuna v. Burciaga, 223 Ill. 2d 49, 59 (2006).

" 'The doctrine of res judicata provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action.' " Hudson v. City of Chicago, 228 Ill. 2d 462, 467 (2008), quoting Rein v. David A. Noyes & Co., 172 Ill. 2d 325, 334 (1996). "Three requirements must be satisfied for res judicata to apply: (1) a final judgment on the merits has been rendered by a court of competent jurisdiction; (2) an identity of cause of action exists; and (3) the parties or their privies are identical in both actions." Hudson, 228 Ill. 2d at 467.

Plaintiff does not dispute that the second and third elements of res judicata are satisfied here. Rather, plaintiff contends that res judicata does not apply because the June 15, 2005, order granting VMH's motion to dismiss the initial complaint for failure to state a claim and the December 20, 2005, order granting plaintiff's motion for a voluntary dismissal are "unenforceable orders" because they "do not contain necessary Supreme Court Rule 304(a) [(210 Ill. 2d R. 304(a))] language." According to plaintiff, the lack of Rule 304(a) language renders the orders nonfinal. In response, VMH agrees that the June 15, 2005, order does not contain the "enforceable and appealable" language of Rule 304(a); however, relying on Dubina v. Mesirow Realty Development, Inc., 178 Ill. 2d 496 (1997),

VMH maintains that the order became final when the trial court granted plaintiff's motion to voluntarily dismiss the complaint.

If the dismissal was not a final adjudication on the merits, res judicata does not apply. "A final order is one that 'disposes of the rights of the parties either with respect to the entire controversy or some definite and separate portion thereof.' " In re Estate of Yucis, 382 Ill. App. 3d 1062, 1069 (2008), quoting Arachnid, Inc. v. Beall, 210 Ill. App. 3d 1096, 1103 (1991). An order striking or dismissing a complaint is not final "unless its language indicates the litigation is terminated and the plaintiff will not be permitted to replead." Cole v. Hoogendoorn, Talbot, Davids, Godfrey & Milligan, 325 Ill. App. 3d 1152, 1153 (2001). Plaintiff is correct that the June 15, 2005, order dismissing the complaint was not final, but, contrary to plaintiff's argument, it is not the absence of Rule 304(a) language that makes the order nonfinal. Rule 304(a) language does not make an order final; it makes appealable a final order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties in an action. See 210 Ill. 2d R. 304(a); In re Adoption of Ginnell, 316 Ill. App. 3d 789, 793 (2000). Rather, the order was not final because it granted plaintiff leave to amend. See Smith v. Central Illinois Regional Airport, 207 Ill. 2d 578, 585 (2003) ("The court's decision to grant leave to amend indicates that defendants' motions were not final dispositions of the case, and thus it cannot be considered a final order").

Nevertheless, VMH argues that, even though the order granted plaintiff leave to amend, plaintiff's failure to plead within the time allowed by the trial court operated as an election to stand on the original pleading and that, when the trial court granted plaintiff's motion for a voluntary dismissal of the case, the June 15, 2005, dismissal became final. We disagree. First, there is no indication that plaintiff elected to stand on the complaint. While the record indicates that the trial

court granted several extensions to plaintiff to replead and that plaintiff failed to do so, the record also indicates that plaintiff's failure to do so was likely a result of her inability to secure counsel rather than a desire to stand on her complaint. In addition, although the trial court set a deadline by which plaintiff had to file her amended complaint, it was within the trial court's discretion to extend that deadline, even well after the original deadline. See Richardson v. Economy Fire & Casualty Co., 109 Ill. 2d 41, 46 (1985). Indeed, the trial court had previously done so, extending its August 31, 2005, deadline to November 1, 2005.

Moreover, "[e]ven if a plaintiff subsequently elects to stand on his or her complaint, an order striking or dismissing a complaint is not final until the trial court enters an order dismissing the suit" (Cole, 325 Ill. App. 3d at 1153-54) and does so with prejudice. See Wick Building Systems, Inc. v. Bunning, 107 Ill. App. 3d 61, 62 (1982); Martin v. Marks, 80 Ill. App. 3d 915, 918 (1980). Here, the trial court never entered an order dismissing the suit with prejudice. To the contrary, the trial court granted plaintiff's motion for a voluntary dismissal. A voluntary dismissal is a dismissal without prejudice. See 735 ILCS 5/2--1009 (West 2006). While it is well settled that upon entry of a voluntary dismissal all final orders become appealable (see Hudson, 228 Ill. 2d at 468; Dubina, 178 Ill. 2d at 503), VMH does not cite, nor have we found, any case holding that an order granting a voluntary dismissal renders final an otherwise nonfinal order. Prior to the voluntary dismissal, the trial court did not enter an order that " 'dispose[d] of the rights of the parties either with respect to the entire controversy or some definite and separate portion thereof' " (Yucis, 382 Ill. App. 3d at 1069, quoting Arachnid, 210 Ill. App. 3d at 1103). Therefore, we hold that res judicata does not bar plaintiff's cause of action against VMH and that the trial court erred in granting VMH's motion to dismiss.

III. CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Lake County is reversed, and the cause is remanded.

Reversed and remanded.

ZENOFF, P.J., and SCHOSTOK, J., concur.