No. 2-09-1127    Filed:  9-29-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| LEODA KNIGHT, | ) | Appeal from the Circuit Court |
| | ) | of Winnebago County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 09--L--229 |
| | ) | |
| VAN MATRE REHABILITATION | ) | |
| CENTER, LLC, and SKULI AGUSTSSON, | ) | Honorable |
| | ) | J. Edward Prochaska, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE BOWMAN delivered the opinion of the court:

The issue raised in this appeal is whether the medical malpractice complaint of plaintiff, Leoda Knight, had to be dismissed when she failed to timely file a health care professional's report. Given a change in the applicable law, we reverse the dismissal of plaintiff's complaint and remand this cause for further proceedings.

The facts relevant to resolving this appeal are as follows.  Plaintiff was a resident of a health care facility operated by defendant Van Matre Rehabilitation Center, LLC.  Defendant Dr. Skuli Agustsson was an employee of Van Matre.  On or about June 12, 2007, plaintiff took a medication that Agustsson had prescribed for her.  The medication adversely affected plaintiff, causing her to suffer, among other things, severe physical injuries, mental anguish, and various economic losses. On June 12, 2009, plaintiff sued Van Matre and Agustsson for their alleged negligent acts, noting

in her complaint that "[a]n Affidavit from a Health Care Professional, in accordance with 735 ILCS 5/2--622 will be filed within ninety (90) days."

On September 18, 2009, 98 days after plaintiff filed her complaint, defendants moved to dismiss plaintiff's complaint (see 735 ILCS 5/2--619 (West 2008)), because plaintiff failed to file within 90 days after filing her complaint the report of a health care professional attesting to the merit of plaintiff's claims. A few days later, plaintiff moved for additional time to file the health care professional's report, claiming that the retained professional needed access to more documents in order to properly assess plaintiff's claims. On September 30, 2009, without leave of court, plaintiff filed the report. That same day, the trial court granted defendants' motions to dismiss with prejudice, finding that section 2--622(a)(2) of the Code of Civil Procedure (Code) (735 ILCS 5/2--622(a)(2) (West 2008)) allows only one 90-day extension for the filing of a health care professional's report. Also on that date, the court denied plaintiff's motion for additional time to file the report, and, pursuant to Van Matre's request, the court struck the report that plaintiff had filed.

At issue in this appeal is whether section 2--622 of the Code mandated that plaintiff's malpractice complaint be dismissed with prejudice when she failed to file a report from a health care professional within 90 days after filing her complaint. Before addressing that issue, we determine what standard of review should apply. Although we typically review the dismissal of a complaint with prejudice (as opposed to without prejudice) under an abuse of discretion standard (see Ingold v. Irwin, 302 Ill. App. 3d 378, 383-84 (1998)), we determine that a de novo standard of review applies here, because the trial court's decision was based on whether plaintiff complied with section 2--622, which involves statutory interpretation (Moyer v. Southern Illinois Hospital Service Corp., 327 Ill. App. 3d 889, 894 (2002)). The trial court found that a dismissal with prejudice was required

because plaintiff did not file a written report within 90 days after filing her complaint and "the intention of the legislature in drafting the amendments to §2--622 was that only one 90 day extension should be granted."

In considering the substance of plaintiff's claim, we begin by examining the law in effect when plaintiff filed her complaint. Sections 2--622(a)(1) and (a)(2) of the Code provided that an affidavit from the plaintiff's counsel (or from the plaintiff if the plaintiff is proceeding pro se) and a report from a health care professional similar to the defendant must be filed with the plaintiff's medical malpractice complaint or within 90 days thereafter if the complaint is filed just prior to the expiration of the statute of limitations. 735 ILCS 5/2--622(a)(1), (a)(2) (West 2008). When plaintiff filed her complaint, section 2--622(a)(2) of the Code also provided, in relevant part, that "[n]o additional 90-day extensions pursuant to this paragraph shall be granted, except where there has been a withdrawal of the plaintiff's counsel." 735 ILCS 5/2--622(a)(2) (West 2008). Section 2--622(g) of the Code provided that "[t]he failure of the plaintiff to file an affidavit and report in compliance with this Section shall be grounds for dismissal under Section 2--619." 735 ILCS 5/2--622(g) (West 2008). These provisions of sections 2--622(a)(2) and (g) were added by Public Act 94--677 (Pub. Act 94--677, §330, eff. August 25, 2005).

Given the specific language of sections 2--622(a)(2) and (g), the trial court dismissed with prejudice plaintiff's complaint. See Jackson v. Victory Memorial Hospital, 387 Ill. App. 3d 342, 349 (2008) (providing that the version of section 2--622(a)(2) in effect as of August 25, 2005, expressly prohibited additional extensions once the original 90-day extension to file the applicable affidavit and health care professional's report had passed). However, the law has been changed.

On February 4, 2010, our supreme court, in addressing the constitutionality of the statute limiting the recovery of noneconomic damages in a medical malpractice action, held Public Act 94--677 "invalid and void in its entirety." Lebron v. Gottlieb Memorial Hospital, 237 Ill. 2d 217, 250 (2010). As a result, the parts of section 2--622 that Public Act 94--677 amended reverted to what they were prior to August 25, 2005. See Jackson, 387 Ill. App. 3d at 346 (noting that when a statute is declared unconstitutional, its language reverts to what it was prior to the amendment).

Prior to August 25, 2005, section 2--622(a)(2) provided that "[i]f an affidavit is executed pursuant to this paragraph, the certificate and written report required by paragraph 1 shall be filed within 90 days after the filing of the complaint." 735 ILCS 5/2--622(a)(2) (West 2004). However, section 2--622(a)(2) did not state that no additional 90-day extensions shall be granted. Section 2--622(g) provided that "[t]he failure to file a certificate required by this Section shall be grounds for dismissal under Section 2--619." 735 ILCS 5/2--622(g) (West 2004).[1]

In interpreting section 2--622 as it existed before August 25, 2005, courts found that noncompliance with section 2--622 did not mandate that the trial court dismiss the complaint with prejudice. Wasielewski v. Gilligan, 189 Ill. App. 3d 945, 950 (1989). For instance, if the plaintiff failed to file the affidavit and report within the 90-day statutory period, the trial court could grant the plaintiff another extension of time to file them if the plaintiff could establish good cause for not filing them within 90 days. Tucker v. St. James Hospital, 279 Ill. App. 3d 696, 704 (1996). The decision whether to grant another extension was within the trial court's sound discretion and was not

---

[1]Presumably, the term "certificate" was used in error in the version of section 2--622 in effect before August 25, 2005, as Public Act 94--677 replaced the term "certificate" with either "report" or "affidavit," as applicable, throughout the statute.

disturbed absent a manifest abuse of that discretion. McCastle v. Sheinkop, 121 Ill. 2d 188, 194 (1987); Tucker, 279 Ill. App. 3d at 704.

Given the above, we are left with the question of what relief should be afforded plaintiff. Defendants suggest that this cause be remanded so that the trial court may consider (1) whether plaintiff had good cause for not filing the health care professional's report within 90 days after the complaint was filed and (2) whether striking plaintiff's health care professional's report was proper. Plaintiff proposes that, rather than remand this cause to the trial court, this court should consider, among other things, whether she had good cause for not procuring the health care professional's report within 90 days after the complaint was filed.

We find defendants' suggested course of action the better one. Although we might be tempted, in the interest of judicial economy and with a view toward minimizing the parties' expenses, to rule on whether plaintiff had good cause for not timely filing the professional's report, this court serves as a court of review, not a finder of fact. DeBilio v. Rodgers, 337 Ill. App. 3d 614, 618 (2002). A determination of whether a plaintiff has established good cause is heavily dependent on the facts. See In re Marriage of Holthaus, 387 Ill. App. 3d 367, 373 (2008) (providing that "good cause" as used in another context, i.e., to extend the time to respond to a request to admit under supreme court rules, is fact-dependent and rests with the trial court's sound discretion). Thus, we determine that it is necessary to remand this cause so that the trial court may consider whether plaintiff should have extra time to file the health care professional's report and, also, as defendants suggest, whether striking plaintiff's health care professional's report was proper. In proceeding this way, we do not, of course, mean to express any opinion on the merits.

For these reasons, the judgment of the circuit court of Winnebago County is reversed, and we remand the cause for further proceedings.

Reversed and remanded.

O'MALLEY and SCHOSTOK, JJ., concur.