# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*Stoelting v. Betzelos*, 2013 IL App (2d) 120651

| | |
|---|---|
| Appellate Court Caption | CAMERON STOELTING, Plaintiff-Appellant, v. STEVEN J. BETZELOS, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-12-0651 |
| Filed | January 14, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The dismissal of plaintiff's dental malpractice complaint with prejudice due to her counsel's failure to comply with section 2-622 of the Code of Civil Procedure by filing an attorney's affidavit within the 90 days of filing the complaint was reversed, since the trial court incorrectly believed it had no discretion to allow plaintiff additional time to file the affidavit, and the cause was remanded for a determination of whether good cause was established for not complying with the statute. |
| Decision Under Review | Appeal from the Circuit Court of McHenry County, No. 11-LA-207; the Hon. Michael T. Caldwell, Judge, presiding. |
| Judgment | Reversed and remanded. |

| | |
|---|---|
| Counsel on Appeal | Dwight C. Adams, of Dwight C. Adams & Associates, of Rolling Meadows, for appellant.<br><br>Robert P. Hoban III, of James M. Hoffman & Associates, of Park Ridge, for appellee. |
| Panel | JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.<br>Justices Hutchinson and Birkett concurred in the judgment and opinion. |

**OPINION**

¶ 1     At issue in this appeal is whether the medical malpractice complaint that plaintiff, Cameron Stoelting, filed against defendant, Steven J. Betzelos, was properly dismissed with prejudice when plaintiff's attorney failed to file an attorney affidavit as required by section 2-622 of the Code of Civil Procedure (Code) (735 ILCS 5/2-622 (West 1994))[1] and the court believed that it had no discretion to grant plaintiff additional time to file the necessary document. For the reasons that follow, we determine that dismissal with prejudice was improper. Accordingly, we reverse and remand.

¶ 2     On June 1, 2011, plaintiff filed her medical malpractice complaint, alleging that defendant, a dentist, committed various acts and omissions that constituted medical malpractice. Specifically, plaintiff alleged that defendant misdiagnosed plaintiff's condition, broke an endodontic file in plaintiff's first molar, failed to evaluate a postoperative radiograph, failed to timely refer plaintiff to a specialist when such a referral was needed, failed to appropriately treat plaintiff's condition, and failed to obtain proper informed consent. Plaintiff alleged that, as a proximate result of these acts and omissions, she suffered economic and noneconomic damages. Attached to plaintiff's complaint was the report of Dr. James S. Wasilewski, a dentist who attested that defendant was negligent in treating plaintiff. Although plaintiff's complaint is signed by plaintiff's attorney, her attorney did not file with plaintiff's complaint an attorney affidavit as required by section 2-622 of the Code.

¶ 3     On November 16, 2011, defendant moved to dismiss plaintiff's medical malpractice

---

[1]Our citation to the 1994 edition of the Illinois Complied Statutes comports with our supreme court's observation that, in light of *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 250 (2010), which invalidated a 2005 amendment to section 2-622, section 2-622 now reads as it did prior to 1995 (except for certain language added in 1998 that has no bearing on this case). *Cookson v. Price*, 239 Ill. 2d 339, 341-42 (2010).

complaint (see 735 ILCS 5/2-619 (West 2010)). Citing section 2-622(g) of the Code (735 ILCS 5/2-622(g) (West 1994)), which provides that "[t]he failure to file a certificate required by this Section shall be grounds for dismissal under Section 2-619,"[2] defendant claimed that plaintiff's medical malpractice complaint must be dismissed because, among other things, she did not attach to her complaint an attorney affidavit. Defendant also asserted that, unless plaintiff could establish good cause for her failure to file an attorney affidavit, the dismissal should be with prejudice.

¶ 4       In answer to defendant's motion to dismiss, plaintiff claimed that she attempted in good faith to comply with the requirements of section 2-622 of the Code, that her attorney's signature on the complaint satisfied the attorney affidavit requirement of section 2-622, and that, if an attorney signature on the complaint was not sufficient, then the court should allow her to file an attorney affidavit. No attorney affidavit was attached to plaintiff's answer.

¶ 5       Defendant filed a reply, stating that plaintiff's counsel's mere signature on the medical malpractice complaint was not sufficient to meet the attorney affidavit requirement of section 2-622 of the Code. Moreover, defendant asserted that, even if it were, the attorney affidavit requirement still was not satisfied, as neither the complaint nor the doctor's report contained the information that needed to be contained in an attorney affidavit. Because plaintiff failed to establish good cause for why she did not file an attorney affidavit along with her complaint and the doctor's report, defendant reiterated, plaintiff's complaint should be dismissed with prejudice.

¶ 6       Plaintiff did not appear at the hearing on the motion to dismiss, and the trial court granted the motion to dismiss with prejudice. Plaintiff moved to reconsider, arguing that her counsel could not appear at the hearing on the motion to dismiss because counsel was in another courtroom attending to another matter. Attached to her motion to reconsider was an attorney affidavit.

¶ 7       At the hearing on the motion to reconsider, a new attorney appeared for plaintiff. This attorney urged the court to vacate the dismissal with prejudice and allow plaintiff to file an attorney affidavit or dismiss the complaint without prejudice so that plaintiff could refile the complaint within one year (see 735 ILCS 5/13-217 (West 2010)). Defendant argued that plaintiff's motion to reconsider, which did not suggest in any way that the court erred when it granted the motion to dismiss with prejudice, was not a proper motion to reconsider and that it was too late for plaintiff to file an attorney affidavit. Defendant claimed that, if plaintiff wanted to file an attorney affidavit, she should have done so when she filed the answer to defendant's motion to dismiss.

¶ 8       The trial court denied the motion to reconsider. In doing so, the court stated:

"[T]he provisions of this statute tend to be somewhat harsh. But the fact of the matter is this statute requires, A, that the affidavit and the report be filed with the complaint, or, B, within a 90-day period following the filing of the complaint.

---

[2]"Certificate" presumably means either report or affidavit. See *Knight v. Van Matre Rehabilitation Center, LLC*, 404 Ill. App. 3d 214, 217 n.1 (2010).

The report was filed but the affidavit wasn't. And if you look at the statute, it requires the filing of both.

This isn't a situation where counsel simply forgot it. One of the problems with the response is he responded to the substance of the motion by saying I already signed the complaint. I don't have to sign it again. And my ruling *** in that respect was that that was the wrong stance or wrong position to take.

And the 90-day period has expired. And under the *** under the statute, I don't have the authority to grant additional extensions, which is exactly what you're asking me to do."

¶ 9 Later, after counsel further urged the court to dismiss the complaint without prejudice, the court ruled:

"But as I see the statute, I have no discretion. I have to apply this law, and this is what the law says. *** And you didn't follow the law. This is not a discretionary ruling with me."

¶ 10 This timely appeal followed.

¶ 11 Ordinarily, this court reviews *de novo* the dismissal of a complaint under section 2-619 of the Code. *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 352 (2008). Where, as here, the issue is whether a dismissal *with prejudice* is appropriate, this court generally considers whether the trial court abused its discretion. *Razor Capital v. Antaal*, 2012 IL App (2d) 110904, ¶ 8. In this case, however, the trial court dismissed with prejudice because it believed that, in light of plaintiff's failure to file an attorney affidavit within 90 days after filing her complaint, dismissal with prejudice was required by section 2-622 of the Code. Issues of statutory interpretation are reviewed *de novo*. *Deutsche Bank National Trust Co. v. Gryc*, 2012 IL App (2d) 111015, ¶ 10. Accordingly, we determine that a *de novo* standard of review applies here. See *Knight*, 404 Ill. App. 3d at 215-16.

¶ 12 In addressing whether the statute required the trial court to dismiss plaintiff's complaint with prejudice, we begin by examining the statute itself. Sections 2-622(a)(1) and (a)(2) of the Code provide that, when a plaintiff files a medical malpractice complaint, the plaintiff shall attach to the complaint either (1) a doctor's report and an attorney affidavit supporting and attesting to the merit of the plaintiff's claims or (2) an attorney affidavit that explains that the plaintiff has not yet consulted with a doctor who would support the plaintiff's claims but that the plaintiff is filing the complaint without the necessary affidavit and report so that the plaintiff's claims are not barred by the applicable statute of limitations. 735 ILCS 5/2-622(a)(1), (a)(2) (West 1994). When a plaintiff files an attorney affidavit under section 2-622(a)(2), explaining that he has not yet consulted with a doctor and obtained a doctor's report, the plaintiff shall have 90 days after filing the complaint to file the attorney affidavit and doctor's report under section 2-622(a)(1). 735 ILCS 5/2-622(a)(2) (West 1994).[3]

---

[3]Here, because plaintiff did file a doctor's report, she did not file an attorney affidavit stating that she had been unable to obtain a report. Thus, arguably, plaintiff did not satisfy the statutory prerequisite for obtaining the 90-day extension. However, in the trial court, defendant moved to dismiss on the ground that "plaintiff has not established any good cause for the failure to attach the

-4-

¶ 13    In interpreting sections 2-622(a)(1) and (a)(2) of the Code, we are guided by the well-settled rules of statutory construction. "The fundamental objective of statutory construction is to ascertain and give effect to the legislature's intent." *In re Marriage of Earlywine*, 2012 IL App (2d) 110730, ¶ 18. "The most reliable indicator of legislative intent is the statutory language, which must be given its plain and ordinary meaning." *Id.* "When the statutory language is clear and unambiguous, it must be applied as written without resorting to extrinsic aids of construction." *Id.* "In interpreting a statute, we will not depart from the plain statutory language by reading into that language exceptions, limitations, or conditions that conflict with the expressed intent of the legislature." *Id.*

¶ 14    Here, at the hearing on plaintiff's motion to reconsider, the trial court found that it had to dismiss plaintiff's complaint with prejudice because plaintiff did not file an attorney affidavit within 90 days and, according to the court, it could not grant plaintiff additional time to file the affidavit because section 2-622 of the Code specifically prohibited the court from doing so. The plain language of section 2-622(a)(2), which contains the 90-day extension provision, says nothing about whether the court can grant a plaintiff additional time to file the necessary documents. Rather, as we noted in *Knight*, that language comes from a version of the statute that has been declared unconstitutional. *Knight*, 404 Ill. App. 3d at 216; see also 735 ILCS 5/2-622(a)(2) (West 2010) ("No additional 90-day extensions pursuant to this paragraph shall be granted, except where there has been a withdrawal of the plaintiff's counsel.").

¶ 15    Under the version of the statute in effect when plaintiff here filed her complaint, noncompliance with the statute did not require a court to dismiss a complaint with prejudice. *Knight*, 404 Ill. App. 3d at 217. Rather, if a plaintiff failed to comply within the initial 90-day period, the court could grant the plaintiff additional time to file the necessary report and attorney affidavit. *Id.* The decision whether to grant that additional time would be within the trial court's discretion and would not be disturbed by a reviewing court absent a manifest abuse of discretion. *Id.* Accordingly, the court here was incorrect when it found that it was without discretion to grant plaintiff additional time to file the attorney affidavit.

¶ 16    Thus, the question this court faces is what remedy, if any, to give plaintiff. We find guidance on this question in *Knight*. There, this court was faced with either deciding *sua sponte* whether the plaintiff had good cause for not filing the doctor's report within the initial 90-day period or remanding the cause for the trial court to decide that issue. *Id.* We determined that remanding the cause for the trial court to make that decision was the best course of action, because, as a court of review, this court does not make factual findings and whether a plaintiff had good cause not to comply with section 2-622 is heavily dependent on the facts. *Id.* at 217-18. In doing so, we did not express any opinion on the merits. *Id.* at 218. Thus, in line with *Knight*, here, without expressing any view on the merits of plaintiff's good-cause claim, we reverse the dismissal of plaintiff's complaint and remand this cause

affidavit to the complaint or to file within ninety days thereafter." Thus, defendant assumed that plaintiff had those 90 days to file an attorney affidavit under section 2-622(a)(1). The trial court shared that assumption, and, therefore, we adopt it as well, but only for purposes of this appeal.

for the trial court to decide whether plaintiff has established good cause for not filing the attorney affidavit within 90 days of filing the complaint.

¶ 17   In taking this position, we realize that, unlike in *Knight*, plaintiff here filed the doctor's report but failed to file the attorney affidavit within 90 days after she filed her complaint. We do not believe that this fact mandates a different outcome, as section 2-622(a)(2) of the Code requires the filing of *both* an attorney affidavit and a doctor's report within 90 days after the complaint is filed. Thus, by extension, additional time may be granted, for good cause shown, to file the attorney affidavit as well as the doctor's report. Moreover, the fact that plaintiff addressed her reasons for not filing her attorney affidavit only after the initial 90-day period had expired does not, standing alone, warrant dismissing plaintiff's complaint with prejudice. The statute does not mention anything about an extension, let alone when a request for an extension must be made, and requests outside the 90-day period are not unheard of. We note that in *Knight*, for instance, the plaintiff waited to request an extension until after the 90 days had expired. See, *e.g.*, *id.* at 215.

¶ 18   Finally, we are aware of the fact that an analogy could be drawn between the facts presented here and those cases where the reviewing courts affirmed dismissals with prejudice of medical malpractice complaints when the plaintiffs filed invalid affidavits. Illustrative of this point is *Ingold v. Irwin*, 302 Ill. App. 3d 378 (1998). There, the plaintiff filed an attorney affidavit that indicated that her attorney had spoken with the doctor who prepared the doctor's report attesting to the merit of the plaintiff's medical malpractice claims. *Id.* at 380. In actuality, the plaintiff's attorney had never directly communicated with the doctor. *Id.* at 381. The defendant moved to dismiss the plaintiff's complaint on this basis, among others, and the trial court granted the motion with prejudice. *Id.* at 381-82. On appeal, the appellate court determined that an "invalid [attorney] affidavit is sufficient grounds, standing alone, on which the trial court could have dismissed this action with prejudice." *Id.* at 388.

¶ 19   Likening *Ingold* to the facts presented here would put the cart before the horse. That is, before a court can conclude that a falsified or nonexistent attorney affidavit is a sufficient basis upon which to dismiss a medical malpractice complaint with prejudice, the court must accurately apply the law regarding the granting of additional time to comply with the requirements of section 2-622. Given that the trial court here was under the mistaken impression that it could not grant plaintiff additional time to file the attorney affidavit, an issue not present in *Ingold*, we believe that this case is unlike *Ingold* and cases similar to it.

¶ 20   For these reasons, the judgment of the circuit court of McHenry County is reversed, and we remand this cause for further proceedings.

¶ 21   Reversed and remanded.