FOURTH DIVISION

1-10-0334

MARSAE WILLIAMS, a Minor, by )
Jenel Beaton, His Mother and Next Friend, )
and JENEL BEATON, Individually, )
                       )       Appeal from the
     Plaintiffs-Appellees,        )       Circuit Court of
                       )       Cook County.
     v.                           )
                       )       09 L 002771
INGALLS MEMORIAL HOSPITAL, IMRE )
HIDVEGI, STEPHEN DAUBE, and THERESA )       The Honorable
YAEGER,                              )       Diane Joan Larsen,
                       )       Judge Presiding.
     Defendants-Appellants.       )

JUSTICE PUCINSKI delivered the judgment of the court, with opinion.

Presiding Justice Gallagher and Justice Lavin concurred in the judgment and opinion.

OPINION

In this appeal, we answer two certified questions and determine: (1) whether plaintiffs abandoned their spoliation claims for purposes of *res judicata* where those claims are dismissed with leave to replead but the claims are never repled prior to plaintiff's voluntary dismissal of the entire cause of action; and (2) whether a grant of summary judgment in favor of the hospital defendant on a claim for *respondeat superior* based on the apparent agency of a doctor, with a subsequent voluntary dismissal of the remainder of the case, operates as a *res judicata* bar against refiling the action against both the hospital and the doctor. We answer the first question in the negative, as the order granted plaintiffs leave to replead and was not a final judgment on the merits of those claims and, therefore, was not subsequently rendered final by the voluntary dismissal. We answer the second question in the affirmative as to the hospital, except as to a

claim for *respondeat superior* based on actual agency, but in the negative as to the defendant

doctor and remaining defendants.

BACKGROUND

On April 17, 1998, plaintiff Jenel Beaton gave birth to minor plaintiff Marsae Williams at

defendant Ingalls Memorial Hospital (Ingalls). Marsae suffered a brachial plexus injury during the

course of his birth. On July 30, 2003, plaintiffs filed a complaint alleging that individual

defendants Dr. Imre Hidvegi, Dr. Stephen Daube, and nurse Theresa Yaeger were negligent in the

delivery of Marsae. We will refer to this original action as *Williams I*. Plaintiffs alleged that

Ingalls was vicariously liable for the negligence of Dr. Hidvegi on the basis that he "was a duly

authorized agent and/or employee of" Ingalls and "was acting within the course and scope of that

employment and/or agency." Plaintiffs further alleged negligent and intentional spoliation of

evidence regarding fetal monitor strips.

On January 10, 2007, Ingalls filed a motion to dismiss counts V and VI of plaintiff's

complaint alleging negligence and intentional spoliation, pursuant to section 2-615 of the Illinois

Code of Civil Procedure (735 ILCS 5/2-615 (West 2008)). The court initially denied the motion

but, on February 28, 2007, granted Ingalls' motion to reconsider and dismissed counts V and VI,

but granted plaintiffs leave to file a second amended complaint "pleading spoliation as an

allegation(s)." Subsequently, witness and expert disclosures were completed and the action was

scheduled for trial on March 10, 2008. Plaintiffs never filed a second amended complaint and

never repled the negligent or intentional spoliation of evidence claims.

On February 20, 2007, Ingalls also filed a motion for partial summary judgment on the

claim for liability against it based on the apparent agency of Dr. Hidvegi. On March 30, 2007, the circuit court granted Ingalls' motion. On March 10, 2008, the day of trial, plaintiffs appeared and orally moved to voluntarily dismiss the remaining claims of their complaint, which the court granted without prejudice.

On March 6, 2009, plaintiffs refiled the instant cause of action, which we will refer to as *Williams II*. Plaintiffs' complaint is identical to the first amended complaint in *Williams I* and includes the same parties and allegations, including the negligent and intentional spoliation of evidence claims and the claim for vicarious liability of Ingalls based on the allegation that Dr. Hidvegi "was a duly authorized agent and/or employee of" Ingalls and "was acting within the course and scope of that employment and/or agency."

On July 7, 2009, defendants filed a motion to dismiss plaintiffs' refiled cause of action based on *res judicata*, arguing that both the dismissal order of February 28, 2007, and the entry of summary judgment on apparent agency on March 30, 2007, were adjudications on the merits. The circuit court denied the motion on September 24, 2009, and also denied the defendants' motion to reconsider on November 18, 2009.

Thereafter, defendants jointly presented two certified questions, which the circuit court certified for our review on January 20, 2010. Defendants filed a timely application for leave to appeal pursuant to Illinois Supreme Court Rule 308 (Ill. S. Ct. R. 308 (eff. Feb. 1, 1994)), which we granted. The instant appeal followed.

ANALYSIS

On appeal, defendants Ingalls Memorial Hospital, Dr. Imre Hidvegi, Dr. Stephen Daube,

1-10-0334

and Theresa Yaeger seek an answer to the following certified questions:

"1. Does abandonment occur, for purposes of *res judicata*, where a plaintiff brings Counts for spoliation of evidence; the Counts are involuntarily dismissed with leave to re-plead, and the Counts are not re-pled prior to plaintiff's voluntary dismissal of the cause of action on the morning of trial?

2. Where summary judgment is entered against plaintiff on an allegation that the defendant physician is the apparent agent of the defendant hospital, and plaintiff then voluntarily dismisses the remainder of the case, does that order of summary judgment act as a *res judicata* bar to re-filing the case against the hospital and the defendant doctor?"

We apply a *de novo* standard of review to legal questions presented in an interlocutory appeal brought pursuant to Supreme Court Rule 308(a). *Apollo Real Estate Investment Fund, IV, L.P. v. Gelber*, 398 Ill. App. 3d 773, 778, 935 N.E.2d 949, 954 (2009) (citing *Anthony v. City of Chicago*, 382 Ill. App. 3d 983, 987, 888 N.E.2d 721, 725 (2008)).

I. Dismissal of Intentional and Negligent Spoliation Claims

As to the first certified question, defendants argue that the plaintiffs abandoned their spoliation counts in *Williams I* where those counts were dismissed by the court with leave to replead and were not repled prior to plaintiffs' voluntary dismissal of their cause of action. Although defendants first argue that plaintiffs effectively abandoned their spoliation claims, abandonment is a concept typically applied when a further amended pleading is filed but certain former allegations are not realleged. Under the principle of abandonment, where an amended pleading is complete in itself and does not refer to or adopt a prior pleading, the earlier pleading

4

ceases to be a part of the record for most purposes, being in effect abandoned and withdrawn. *Pfaff v. Chrysler Corp.*, 155 Ill. 2d 35, 61, 610 N.E.2d 51, 63 (1992) (citing *Bowman v. County of Lake*, 29 Ill. 2d 268, 272, 193 N.E.2d 833, 835 (1963)).  Thus, when a party files such an amended complaint, he thereby waives any objection to the trial court's ruling on the former complaint.  *Pfaff*, 155 Ill. 2d at 61, 610 N.E.2d at 63 (citing *Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill. 2d 150, 153, 449 N.E.2d 125, 126 (1983), citing *Bowman*, 29 Ill. 2d at 272, 193 N.E.2d at 835).  Here, plaintiffs never filed a second amended complaint in their original action.  The principles of *res judicata* more appropriately apply.

Plaintiffs argue that the court's prior dismissal of the counts with leave to replead was not a final adjudication of their spoliation counts because they subsequently voluntarily dismissed their action without prejudice, and thus those counts are not barred by *res judicata*.  Three requirements must be satisfied for *res judicata* to apply: (1) a final judgment on the merits has been rendered by a court of competent jurisdiction; (2) an identity of causes of action exists; and (3) the parties or their privies are identical in both actions.  *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467, 889 N.E.2d 210, 213 (2008) (citing *Downing v. Chicago Transit Authority*, 162 Ill. 2d 70, 73-74, 642 N.E.2d 456, 458 (1994)).  " 'A final order is one that "disposes of the rights of the parties either with respect to the entire controversy or some definite and separate portion thereof." ' "  *Jackson v. Victory Memorial Hospital*, 387 Ill. App. 3d 342, 351, 900 N.E.2d 309, 318 (2008) (quoting *In re Estate of Yucis*, 382 Ill. App. 3d 1062, 1069, 890 N.E.2d 964, 970 (2008), quoting *Arachnid, Inc. v. Beall*, 210 Ill. App. 3d 1096, 1103, 569 N.E.2d 1273, 1277 (1991)).

5

1-10-0334

Regarding whether a dismissal operates as a final adjudication, Supreme Court Rule 273 provides the following:

> "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." Ill. S. Ct. R. 273 (eff. Jan. 1, 1967).

Ordinarily, a dismissal for failure to state a claim is an involuntary dismissal and is an adjudication on the merits. 735 ILCS 5/2-619 (West 2008); Ill. S. Ct. R. 273 (eff. Jan. 1, 1967); *Doe v. Gleicher*, 393 Ill. App. 3d 31, 36, 911 N.E.2d 532, 538 (2009). However, an order dismissing a complaint but granting leave to replead is not a final order for purposes of *res judicata* until the trial court enters an order dismissing the suit with prejudice. *Smith v. Central Illinois Regional Airport*, 207 Ill. 2d 578, 588, 802 N.E.2d 250, 256 (2003); *Piagentini v. Ford Motor Co.*, 387 Ill. App. 3d 887, 895, 901 N.E.2d 986, 994 (2009). An order striking or dismissing a complaint is not final unless its language indicates the litigation is terminated and the plaintiff will not be permitted to replead. *Jackson*, 387 Ill. App. 3d at 351, 900 N.E.2d at 318.

In *Jackson*, the court held that "the [dismissal] order was not final because it granted plaintiff leave to amend." *Jackson*, 387 Ill. App. 3d at 351, 900 N.E.2d at 318. *Jackson* was explained and distinguished in *Kiefer v. Rust-Oleum Corp.*, 394 Ill. App. 3d 485, 497, 916 N.E.2d 22, 32 (2009), *appeal denied*, 235 Ill. 2d 589, 924 N.E.2d 455, where an involuntary dismissal was held to constitute a final judgment barring subsequent claims based on *res judicata*. In *Kiefer*, the trial court had involuntarily dismissed the consumer's strict products liability claims in

6

the first action. *Kiefer*, 394 Ill. App. 3d at 487, 916 N.E.2d at 24. The dismissal was on the merits, despite the inclusion of the words with "leave to amend" and absence of "with prejudice" language, as the court determined that plaintiff could plead no set of facts which would entitle him to relief on those claims. *Kiefer*, 394 Ill. App. 3d at 495, 916 N.E.2d at 30. This court held that once the voluntary dismissal was entered, the lawsuit was terminated in its entirety and all final orders were immediately appealable, and based on *res judicata* the plaintiff could not replead those claims in the refiled action. *Kiefer*, 394 Ill. App. 3d at 495, 916 N.E.2d at 31.

Here, the circuit court in *Williams II* found that in *Williams I* "[t]he orders [*sic*] simply striking the counts with leave to replead is clearly not a final order under the *Jackson* case." Defendants maintain that the court in *Williams II* has improperly relied on and applied *Jackson*. In denying the motion to reconsider, the court stated the following:

"As to the spoliation claim, the Court does not find that there was an election to stand on the present complaint. There was never a time set for filing an amended complaint on that issue. And so just as the *Jackson* Court found that the record did not support that it was plaintiff's desire to stand on her complaint, the Court also finds similarly here that discovery was ongoing, and there's no clear indication that there was an express election to stand on the complaint. If defendants wanted to push that issue, defendants could have moved for a time frame in which to have plaintiff file an amended complaint. That was not done. The voluntary was taken before an amended complaint was placed."

In *Kiefer*, we acknowledged that "*Jackson* recognizes that where a plaintiff has been granted leave to file an amended complaint but has not yet filed an amended complaint, he retains

the ability to voluntarily dismiss his suit without reaching a final judgment on the merits of those claims for purposes of res judicata." *Kiefer*, 394 Ill. App. 3d at 498, 916 N.E.2d at 36 (citing *Jackson*, 387 Ill. App. 3d at 352, 900 N.E.2d at 319). However, the critical distinction in *Kiefer* was that the prior dismissal order permitted the plaintiff to amend his pleading only to allege another claim, negligence, not the claims which were dismissed, strict liability: "The November 5, 2003, order did not terminate the litigation between the parties, as it permitted Kiefer to amend his complaint to allege negligence, but did dispose of the rights of the parties with regard to Kiefer's claims of strict product liability." *Kiefer*, 394 Ill. App. 3d at 497, 916 N.E.2d at 32. We noted that at the hearing on the motion to dismiss the trial court expressly found that the plaintiff could not plead any set of facts that would allow him to recover on his strict product liability claims. *Kiefer*, 394 Ill. App. 3d at 495, 916 N.E.2d at 30. Thus, the substance of the order showed it was a final adjudication upon the merits of those claims. *Kiefer*, 394 Ill. App. 3d at 495, 916 N.E.2d at 30.

Here, conversely, the circuit court in *Williams I* specifically permitted plaintiffs to replead the dismissed claims for spoliation. Thus, the circuit court's February 28, 2007, order dismissing the spoliation claims under counts V and VI and granting plaintiffs leave to replead those counts was not a final adjudication. We therefore answer the first certified question in the negative, that the dismissal of the claims for intentional and negligent spoliation with leave to replead did not become final upon plaintiffs' voluntary dismissal and is not a *res judicata* bar, nor did plaintiffs' failure to replead constitute abandonment.

II. Partial Summary Judgment Order

Defendants' second certified question is: "Where summary judgment is entered against plaintiff on an allegation that the defendant physician is the apparent agent of the defendant hospital, and plaintiff then voluntarily dismisses the remainder of the case, does that order of summary judgment act as a *res judicata* bar to re-filing the case against the hospital and the defendant doctor?"

Defendants argue that the court's grant of summary judgment on the apparent agency of Dr. Imre Hidvegi was a final order disposing of a separate branch of the controversy where apparent agency is a common law doctrine with its own elements of proof and is a distinct claim. Plaintiffs, on the other hand, argue that the court's order granting summary judgment as to apparent agency was not a final adjudication on the merits for purposes of *res judicata* because it dismissed only one specific allegation in count II, no actual counts were dismissed, and valid claims still remained against both Ingalls and Hidvegi.

The court in *Williams II sub judice* found that the order granting partial summary judgment on the issue of alleged apparent agency of Dr. Hidvegi was not a final order because "[i]t does not dispose of a distinct portion of a claim." In denying the motion to reconsider, the court stated:

"[W]hile the Court appreciates the arguments made that the defendant doctor was not an actual agent, that would not be a basis to reconsider the Court's opinion, because I'm enforcing the order that was entered by the previous Court in *Williams* one. And that order as written, and it was the defendants who wrote the order, only addressed the apparent agency issue and not the actual agency. So there is no Court ruling on the actual

9

agency. And the Court continues to find that this is just an alternative theory for *respondeat superior* liability of the corporate defendant, and that it is not sufficient for finality purposes of a distinct claim.

     \*\*\* [T]hey're just different theories of liability for what is a *respondeat* claim against the corporate defendant."

Again, we must determine whether the three requirements are met for *res judicata* to apply: (1) a final judgment on the merits has been rendered by a court of competent jurisdiction; (2) an identity of cause of action exists; and (3) the parties or their privies are identical in both actions. *Hudson*, 228 Ill. 2d at 467, 889 N.E.2d at 213. For purposes of *res judicata*, "[a] final order is one that 'disposes of the rights of the parties either with respect to the entire controversy or some definite and separate portion thereof.' [Citation.]" *Jackson*, 387 Ill. App. 3d at 351, 900 N.E.2d at 318. The parties dispute whether a claim based on apparent agency is a definite and separate portion of the controversy.

In *Hudson*, in the original action (*Hudson I*) the defendants moved to involuntarily dismiss the plaintiffs' negligence claim pursuant to section 2-619(a)(9) on the grounds that section 3.150 of the Emergency Medical Services (EMS) Systems Act (210 ILCS 50/3.150 (West 2006)) immunized them from claims based on negligence. *Hudson*, 228 Ill. 2d at 464-65, 889 N.E.2d at 212. The trial court granted the defendants' motion to dismiss the negligence count, with prejudice. *Hudson*, 228 Ill. 2d at 464-65, 889 N.E.2d at 212. Two and one-half years later, the plaintiffs moved to voluntarily dismiss their willful and wanton misconduct claims, which the court granted. *Hudson*, 228 Ill. 2d at 465, 889 N.E.2d at 212. A year later, the plaintiffs refiled their

willful and wanton misconduct claim (*Hudson II*). Defendants moved to dismiss *Hudson II* pursuant to section 2-619(a)(4) of the Code (735 ILCS 5/2-619(a)(4) (West 2006)), arguing that the claim was barred by *res judicata*. *Hudson*, 228 Ill. 2d at 466, 889 N.E.2d at 213. The trial court granted the dismissal. *Hudson*, 228 Ill. 2d at 466, 889 N.E.2d at 213. The supreme court affirmed and found that the involuntary dismissal of the plaintiffs' negligence claim in *Hudson I* constituted an adjudication on the merits (*Hudson*, 228 Ill. 2d at 468, 889 N.E.2d at 213-14), and that *res judicata* barred not only matters that were determined in *Hudson I*, but also matters that could have been determined in *Hudson I* (*Hudson*, 228 Ill. 2d at 473-74, 889 N.E.2d at 217).

Plaintiffs attempt to distinguish *Hudson* and instead liken the facts of this case to *Piagentini*. In *Piagentini*, this court held that a prior partial summary judgment order was not a final order not only because it granted plaintiffs leave to replead allegations relating to defective seatbelts, but also because the partial summary judgment "was granted as to certain allegations within separate counts of the complaint but no actual count was dismissed." *Piagentini*, 387 Ill. App. 3d at 893, 901 N.E.2d at 993. The plaintiffs' complaint in *Piagentini I* included two separate counts based on separate theories of recovery: negligence and strict liability. *Piagentini*, 387 Ill. App. 3d at 893, 901 N.E.2d at 993. Both the negligence and strict liability counts alleged seatbelt defects, and both counts also alleged an insufficient stability design that created a susceptibility to rolling over. *Piagentini*, 387 Ill. App. 3d at 893, 901 N.E.2d at 993. Based upon plaintiffs' failure to disclose any expert witness testimony substantiating the allegations of stability and rollover defects, the trial court entered an agreed order for partial summary judgment on the stability and rollover allegations contained in subparagraphs a, b, and c and granted plaintiffs leave

11

to replead only those claims pertaining to allegations of a defective driver's seatbelt. *Piagentini*, 387 Ill. App. 3d at 889, 901 N.E.2d at 989-90. The dismissal of the factual allegations regarding the rollover of the vehicle was not a final judgment because the underlying theories of negligence and strict tort liability remained standing, based on the other factual allegations within those counts: "In the instant case, certain allegations under the negligence count were dismissed, and certain allegations under the strict liability count were dismissed, but both counts remained standing as bases for recovery." *Piagentini*, 387 Ill. App. 3d at 894, 901 N.E.2d at 994. Further, this court held that, even if one were to consider the order final, in any event the acquiescence exception to the bar against claim-splitting applied because the defendants acquiesced to the refiling of the plaintiffs' claims by failing to object when the plaintiffs refiled their suit. *Piagentini*, 387 Ill. App. 3d at 898, 901 N.E.2d at 997.

As this court explained in *Piagentini*:

"[T]he dismissal of certain allegations under a single theory of recovery does not terminate litigation between the parties on the merits or dispose of the rights of the parties on a separate branch of the controversy. [Citation.] Rather, the dismissal of certain allegations under one theory of recovery merely determines which allegations under that theory are allowed to remain. [Citation.] Therefore, the agreed order granting partial summary judgment on certain allegations under the theory of negligence and certain allegations under the theory of strict liability was not final because allegations still remained under each base for recovery." *Piagentini*, 387 Ill. App. 3d at 894, 901 N.E.2d at 994.

Here, however, unlike *Piagentini*, summary judgment was granted on an entire theory of

12

recovery – vicarious liability based on apparent agency – with no remaining allegations which would support this claim, and no leave to replead. Here, in paragraph 2 of count III of plaintiffs' first amended complaint, plaintiffs alleged that "[o]n and prior to April 17, 1998, Defendant IMRE HIDVEGI, M.D. was a duly authorized *agent and/or employee* of Defendant INGALLS MEMORIAL HOSPITAL and was acting within the course and scope of that *employment and/or agency*." (Emphasis added.) This single paragraph is unclear about which alternate claims are being pled, and does not explicitly allege apparent agency. However, defendants are correct that plaintiff's "inartful pleading" is not determinative. The fact that only an allegation within a count is dismissed, as opposed to an entire count, does not render the facts of this case within the holding of *Piagentini*. *Piagentini* makes clear that we are to determine whether any allegations remain supporting a theory of recovery, not simply a count. See *Piagentini*, 387 Ill. App. 3d at 894, 901 N.E.2d at 994 ("the dismissal of certain allegations under one theory of recovery merely determines which allegations under that theory are allowed to remain").

Plaintiffs attempt to broaden their claim against Ingalls into a single generalized "agency" claim, subsuming both *respondeat superior* liability based on actual agency or employment as well as vicarious liability based apparent agency. The circuit court in *Williams II* found that actual agency "is just an alternative theory for *respondeat superior* liability of the corporate defendant," and thus it was not a separate claim sufficient to render the summary judgment grant a final order. However, vicarious liability based on apparent agency is a distinct claim and theory of recovery necessitating different elements of proof from *respondeat superior* liability based on employment or actual agency.

1-10-0334

In order for a plaintiff to invoke the doctrine of *respondeat superior*, a relationship of principal and agent, master and servant, or employer and employee must be established, as well as that the wrongdoer is either the employee, the agent, or the servant. *Moy v. County of Cook*, 159 Ill. 2d 519, 523, 640 N.E.2d 926, 927-28 (1994). See also *Daniels v. Corrigan*, 382 Ill. App. 3d 66, 75, 886 N.E.2d 1193, 1203-04 (2008) ("The doctrine of *respondeat superior* allows an injured party to hold a principal vicariously liable for the conduct of his or her agent"). A presumption of an agency may arise from an employer-employee relationship. *Pyskaty v. Oyama*, 266 Ill. App. 3d 801, 825, 641 N.E.2d 552, 570 (1994). Regardless of whether the relationship is that of "employer-employee" or "principal-agent," the doctrine of *respondeat superior* only applies to impute tort liability if there is an employment relationship in which the master, employer, or principal exerts control over the conduct of the servant, employee, or agent. *Moy*, 159 Ill. 2d at 527-28, 640 N.E.2d at 929.

For an employer to be vicariously liable for an employee's tort under the doctrine of *respondeat superior*, the torts must have been committed within the scope of the employment. *Pyskaty*, 266 Ill. App. 3d at 825, 641 N.E.2d at 570; *Pyne v. Witmer*, 129 Ill. 2d 351, 359, 543 N.E.2d 1304, 1308 (1989). The following criteria in the Restatement (Second) of Agency are recognized in determining whether an employee's acts are within the scope of employment:

" ' "(1) Conduct of a servant is within the scope of employment if, but only if:

(a) it is of the kind he is employed to perform;

(b) it occurs substantially within the authorized time and space limits;

(c) it is actuated, at least in part, by a purpose to serve the master ***[.]

14

***

(2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master." ' " *Bagent v. Blessing Care Corp.*, 224 Ill. 2d 154, 164, 862 N.E.2d 985, 992 (2007) (quoting *Pyne*, 129 Ill. 2d at 360, 543 N.E.2d at 1308, quoting Restatement (Second) of Agency §228 (1958)).

"The master's liability is merely by reason of the contractual relationship" and "[a]bsent an employment relationship, the doctrine does not apply." *Moy*, 159 Ill. 2d at 524, 640 N.E.2d at 928. One who hires an independent contractor is generally not liable for the negligent or intentional acts of omissions of the contractor. *Lang v. Silva*, 306 Ill. App. 3d 960, 972, 715 N.E.2d 708, 716 (1999).

In contrast to *respondeat superior* liability based on actual employment or agency, liability based on apparent authority may be imposed where the alleged negligence is by an independent contractor, and it is a different theory of recovery, with entirely different elements. Apparent agency is rooted in the doctrine of equitable estoppel and is based upon the idea that " 'if a principal creates the appearance that someone is his agent, he should not then be permitted to deny the agency if an innocent third party responsibly relies on the apparent agency and is harmed as a result.' " *Oliveira-Brooks v. Re/Max International, Inc.*, 372 Ill. App. 3d 127, 137, 865 N.E.2d 252, 260 (2007) (quoting *O'Banner v. McDonald's Corp.*, 173 Ill. 2d 208, 213, 670 N.E.2d 632, 634-35 (1996)). In *Gilbert v. Sycamore Municipal Hospital*, 156 Ill. 2d 511, 622 N.E.2d 788 (1993), the supreme court recognized a claim for liability for negligence against a

15

hospital based on apparent authority or agency where a doctor was not an employee but, rather, an independent contractor. The elements of this claim are as follows:

" 'For a hospital to be liable under the doctrine of apparent authority, a plaintiff must show that: (1) the hospital, or its agent, acted in a manner that would lead a reasonable person to conclude that the individual who was alleged to be negligent was an employee or agent of the hospital; (2) where the acts of the agent create the appearance of authority, the plaintiff must also prove that the hospital had knowledge of and acquiesced in them; and (3) the plaintiff acted in reliance upon the conduct of the hospital or its agent, consistent with ordinary care and prudence.' [Citation.]" *Gilbert*, 156 Ill. 2d at 524-25, 622 N.E.2d at 795.

Thus, *respondeat superior* liability based on employment or actual agency and liability based on the apparent agency doctrine are distinct claims based on different, alternative, theories of relief. The circuit court in *Williams I* granted summary judgment on the entirety of the apparent agency claim. In contrast to *Piagentini*, after the court's grant of summary judgment, there were no remaining allegations supporting liability based on apparent agency. Therefore, the grant of summary judgment was a final order, as it disposed of a definite and separate portion of the controversy. *Jackson*, 387 Ill. App. 3d at 351, 900 N.E.2d at 318.

Plaintiffs argue that a *respondeat superior* claim based on actual agency remained standing in *Williams I* and thus was not adjudicated. However, under *Hudson*, "[r]es judicata bars not only what was actually decided in the first action but also whatever could have been decided." *Hudson*, 228 Ill. 2d at 467, 889 N.E.2d 210. The supreme court in *Hudson* discussed and relied

16

upon the earlier holding of *Rein v. David A. Noyes & Co.,* 172 Ill. 2d 325, 665 N.E.2d 1199 (1996), which explained this policy against claim-splitting: "the principle that *res judicata* prohibits a party from seeking relief on the basis of issues that could have been resolved in a previous action serves to prevent parties from splitting their claims into multiple actions." *Hudson*, 228 Ill. 2d at 471-72, 889 N.E.2d at 216 (citing *Rein*, 172 Ill. 2d at 339-42, 665 N.E.2d at 1206-07). "If a plaintiff uses sections 2-1009 and 13-217 to voluntarily dismiss and refile a claim after another part of the cause of action has gone to final judgment in a previous case, that plaintiff will have engaged in claim-splitting." *Hudson*, 228 Ill. 2d at 482, 889 N.E.2d at 222.[1] Thus, the *res judicata* effect of a dismissal order extends to "bar not only every matter that was actually determined in the first suit, but also every matter that might have been raised and determined in that suit." *Hudson*, 228 Ill. 2d at 471, 889 N.E.2d at 215 (quoting *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 337-39, 665 N.E.2d 1199, 1205 (1996)).

Notwithstanding, there are exceptions to claim-splitting that are set forth in section 26(1) of the Restatement (Second) of Judgments, and were adopted in *Rein*. Under this section, the rule against claim-splitting would not bar a second action if:

"(1) the parties have agreed in terms or in effect that plaintiff may split his claim or

---

[1] Although we note the reasoning of the dissent in *Hudson* that a voluntary dismissal of claims does not convert an involuntary dismissal into a final and appealable order because of the option to dismiss "*without prejudice*" and refile under section 2-1009(a) of the Code (emphasis in original) (*Hudson*, 228 Ill. 2d at 488, 889 N.E.2d at 225 (Kilbride, J., dissenting) (citing 735 ILCS 5/2-1009(a) (West 2002))), we are bound to apply the majority opinion as precedent.

the defendant has acquiesced therein; (2) the court in the first action expressly reserved the plaintiff's right to maintain the second action; (3) the plaintiff was unable to obtain relief on his claim because of a restriction on the subject-matter jurisdiction of the court in the first action; (4) the judgment in the first action was plainly inconsistent with the equitable implementation of a statutory scheme; (5) the case involves a continuing or recurrent wrong; or (6) it is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason." *Rein*, 172 Ill. 2d at 341, 665 N.E.2d at 1207 (citing Restatement (Second) of Judgments §26(1) (1982)).

Here, the court's order in *Williams I* granting partial summary judgment disposed of only the claim for liability for apparent agency; there was no ruling on *respondeat superior* actual agency. The orders of the trial court must be interpreted from the entire context in which they were entered, with reference to other parts of the record including the pleadings, motions and issues before the court and the arguments of counsel. *Kiefer*, 394 Ill. App. 3d at 494, 916 N.E.2d at 29 (citing *Dewan v. Ford Motor Co.*, 343 Ill. App. 3d 1062, 1069, 799 N.E.2d 391, 397 (2003); *P&A Floor Co. v. Burch*, 289 Ill. App. 3d 81, 88, 682 N.E.2d 107, 111 (1997)). Orders must be construed in a reasonable manner so as to give effect to the apparent intention of the trial court. *Kiefer*, 394 Ill. App. 3d at 494, 916 N.E.2d at 29 (citing *Dewan*, 343 Ill. App. 3d at 1069, 799 N.E.2d at 397; *P&A Floor Co.*, 289 Ill. App. 3d at 88-89, 682 N.E.2d at 111).

Defendants maintain that it was undisputed in *Williams I* that Hidvegi in fact was not an actual agent, and they argue that "[o]rders of the trial court must be interpreted from the entire context in which they were entered, with reference to other parts of the record including the

pleadings, motions and issues before the court; the transcript of proceedings before the court; and arguments of counsel." *P&A Floor Co. v. Burch*, 289 Ill. App. 3d 81, 88, 682 N.E.2d 107, 111 (1997). In support of their motion to reconsider the court's denial of their motion to dismiss in this refiled action in *Williams II sub judice*, defendants submitted portions of Hidvegi's deposition transcript and discovery answers showing that he was not an actual agent because he was in private practice and was an independent contractor of Ingalls, not paid by Ingalls and not insured by Ingalls but rather through his own insurer.

Unfortunately, we do not have the benefit of the report of proceedings of the hearing on defendants' motion for partial summary judgment from *Williams I* to review the *Williams I* court's reasoning and the arguments of counsel which were heard before the entry of partial summary judgment on apparent agency. The transcript of this hearing is not in the record before us, nor have defendants sought to supplement the record with this transcript. The briefing on the motion for summary judgment in *Williams I* focused solely on apparent agency. Although defendants maintain that it was "undisputed" that no issue of actual agency remained in the case, defendants have not put forth evidence in the record showing that plaintiffs indeed conceded that no issue of actual agency remained. If this were actually the case, we are at a loss to understand why defendants would not have also moved for summary judgment on the *respondeat superior* claim based on actual agency at the same time they moved for summary judgment on the apparent agency claim.

On the contrary, by defendants' motion and by the order granting summary judgment, which they drafted, it appears as though defendants implicitly agreed to leave actual agency

pending in the matter. Thus, the facts of the instant case may present an instance of the first exception to the rule against claim-splitting, where the rule against claim-splitting will not apply if "[t]he parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein." Restatement (Second) of Judgments §26(1)(a) (1982). Without any contrary evidence, it appears as though defendants tacitly agreed to or acquiesced in splitting the claims of apparent agency and *respondeat superior* based on actual agency when they moved for partial summary judgment only on apparent agency and drafted the order to reflect this partial summary judgment. Given the language of the order that defendants themselves drafted, we cannot say for certain that defendants did not tacitly agree to or acquiesce in splitting the apparent agency and *respondeat superior* actual agency claims.

Further, in reviewing the summary judgment order from *Williams I*, the court in *Williams II* interpreted the order as leaving the claim based on actual agency pending. In its ruling on the motion for reconsideration, the court *sub judice* in *Williams II* explained:

"I'm enforcing the order that was entered by the previous Court in *Williams* one. And that order as written, and it was the defendants who wrote the order, only addressed the apparent agency issue and not the actual agency. So there is no Court ruling on the actual agency."

In the absence of a more complete record regarding the basis for the *Williams II* court's order denying defendants' motion to dismiss based on *res judicata* and subsequent denial of the motion to reconsider, we must presume that the court's action "was in conformity with the law and was properly supported by evidence," and any doubts arising from an incomplete record

should be resolved against the appellant. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 393, 459 N.E.2d 958, 960 (1984). The *Williams II* court's ruling was that the court in *Williams I* the court in the first action left the actual agency claim pending. Without a clearer record submitted or supplemented by defendants, we presume that this ruling of the *Williams II* court regarding the effect of the *Williams I* summary judgment order was correct, and we resolve any doubt about the *respondeat superior* claim based on actual agency against defendants.

Further, the rule against splitting a cause of action is also relaxed where there is an omission due to ignorance, mistake or fraud, or where it would be inequitable to apply the rule. *Thorleif Larsen & Son, Inc. v. PPG Industries, Inc.*, 177 Ill. App. 3d 656, 662, 532 N.E.2d 423, 427 (1988) (citing *Adams v. Pearson*, 411 Ill. 431, 440-42, 104 N.E.2d 267, 272-73 (1952)). Thus, even if defendants would claim that their omission in neglecting to also move for summary judgment on actual agency was a mistake, or that they mistakenly drafted the order granting partial summary judgment to not also include actual agency, the harsh rule against claim-splitting is relaxed under such circumstances and should not be applied to plaintiffs in this case. Therefore, we conclude that, under the circumstances of this case, plaintiffs are not barred from litigating the claim for *respondeat superior* based on employment or actual agency against Ingalls.

In the alternative, plaintiffs argue that if we determine the partial summary judgment on apparent agency was a final order, its *res judicata* effect does not extend to all defendants, but only to Ingalls, as the summary judgment on *respondeat superior* liability based on apparent agency was founded on a defense personal to Ingalls, and the merits of claims against the other defendants was not determined. Defendants urge that *Hudson* and the prohibition against claim-

splitting apply to also bar the claims against Hidvegi, as well as the remaining defendants. However, we note that *Hudson* did not address this precise issue of whether *res judicata* also applies to other defendants who did not procure the prior dismissal.

Plaintiffs instead rely on *Curtis v. Lofy*, 394 Ill. App. 3d 170, 172, 914 N.E.2d 248, 250-51 (2009), *appeal denied*, 235 Ill. 2d 586, 924 N.E.2d 454 (2010), which addressed a situation involving the application of a judgment to a different defendant. In *Curtis*, count I of the plaintiff's first amended complaint alleged that defendant Philip Lofy, acting as an agent and for the benefit of defendant Margaret Lofy, breached a duty of care by driving a vehicle with cannabis in his system and violating a driving restriction. *Curtis*, 394 Ill. App. 3d at 172, 914 N.E.2d at 250. The trial court granted Philip and Margaret's motion for summary judgment on the plaintiff's allegations regarding Philip's use of cannabis and violation of a driving restriction. *Curtis*, 394 Ill. App. 3d at 172-73, 914 N.E.2d at 251. The plaintiff filed another amended complaint comprised of three counts, all for negligence, alleging that defendant Margaret, as owner of the vehicle, and Philip, her son, as her authorized agent operating the vehicle, committed various breaches of duty by (1) operating the vehicle too fast for conditions (count I), (2) failing to reduce speed to avoid an accident (count II), and (3) failing to take necessary evasive action to avoid an accident (count III). *Curtis*, 394 Ill. App. 3d at 173, 914 N.E.2d at 251. The circuit court granted Margaret's motion for summary judgment "as to the agency theory." *Curtis*, 394 Ill. App. 3d at 173, 914 N.E.2d at 251. After the plaintiff refiled her cause of action, defendant Philip filed a motion for summary judgment based on *res judicata* pursuant to *Hudson*, which the trial court granted, finding that the plaintiff's voluntary dismissal transformed the summary

judgment rulings from nonappealable to final and appealable orders. *Curtis*, 394 Ill. App. 3d at 174-75, 914 N.E.2d at 252. The Fourth District held that the trial court erred in its ruling because the order granting summary judgment in favor of Margaret was based on a defense " 'personal' " to Margaret and did not address the merits of the plaintiff's case against Philip and, thus, did not have a *res judicata* effect against him. *Curtis*, 394 Ill. App. 3d at 185, 914 N.E.2d at 260.

In reaching its holding, the *Curtis* court relied on *Downing v. Chicago Transit Authority*, 162 Ill. 2d 70, 642 N.E.2d 456 (1994), *Leow v. A&B Freight Line, Inc.*, 175 Ill. 2d 176, 676 N.E.2d 1284 (1997), and *DeLuna v. Treister*, 185 Ill. 2d 565, 708 N.E.2d 340 (1999). In *Downing*, the supreme court held that summary judgment in favor of the defendant employee on statute-of-limitations grounds did not preclude a subsequent claim against the employer under a *respondeat superior* theory. *Downing*, 162 Ill. 2d at 77, 642 N.E.2d at 460. The court reasoned that "[w]hen a summary judgment is granted because the statute of limitations has run, the merits of the action are never examined," and if an adjudication, on grounds such as statute of limitations, "bears no relationship to the actual merits of the case, it would be inappropriate to apply the doctrine of *res judicata* to another party to the action." *Downing*, 162 Ill. 2d at 77, 642 N.E.2d at 460.

Similarly, in *Leow*, our supreme court held that a dismissal against one defendant based on statute-of-limitations grounds should not be deemed to be an adjudication on the merits as to a different defendant. *Leow*, 175 Ill. 2d at 186-87, 676 N.E.2d at 1288-89. The supreme court held that "only those types of involuntary dismissals that serve the policy behind Supreme Court Rule 273 should be treated as adjudications on the merits." *Leow*, 175 Ill. 2d at 186, 676 N.E.2d

at 1288. The supreme court explained:

> "Since Rule 273 was modeled after Federal Rule 41(b), the policy behind the rules is the same. *** [T]he *res judicata* effect of Rule 273 dismissals was also intended to apply to situations where defendants are put to the inconvenience of preparing to meet the merits of the case. Rule 273 was designed to protect a defendant from relitigating the same matter over again after the defendant or his privy was dismissed in a prior proceeding." *Leow*, 175 Ill. 2d at 186, 676 N.E.2d at 1288.

Thus, the court concluded "that the policy behind Rule 273, and its model, Federal Rule 41(b), would not be furthered by treating an involuntary dismissal on statute of limitations grounds as an adjudication on the merits under these circumstances." *Leow*, 175 Ill. 2d at 187, 676 N.E.2d at 1289.

In *DeLuna*, the dismissal of a defendant doctor in a prior one-count action for negligence was held to be final and barred relitigation in the refiled action on *res judicata* grounds, while dismissal of the defendant hospital was not final and the plaintiff was allowed to maintain its refiled action against the hospital. The defendant hospital moved in the prior action to dismiss plaintiff's claims against it because plaintiff failed to file an affidavit required by section 2-622 of the Code (735 ILCS 5/2-622 (West 1994)). The circuit court granted the motion and dismissed the hospital without prejudice. *DeLuna*, 185 Ill. 2d at 569, 708 N.E.2d at 342. The circuit court also dismissed all counts against the defendant doctor on the same grounds. However, the order dismissing the doctor was entered with prejudice and precluded plaintiff from amending his complaint or resubmitting it with a section 2-622 affidavit and report. *DeLuna*, 185 Ill. 2d at 569,

1-10-0334

708 N.E.2d at 342.

In a "straightforward" application of Supreme Court Rule 273, the supreme court found that the dismissal of the defendant doctor in the original action in *DeLuna* was an adjudication upon the merits because it was not within the exceptions specified in Rule 273, which lists only dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party. *DeLuna*, 185 Ill. 2d at 573, 708 N.E.2d at 344. Concerning the dismissal of the hospital, however, the dismissal was without prejudice and was not final. *DeLuna*, 185 Ill. 2d at 581, 708 N.E.2d at 348. The defenses articulated by the doctor and the hospital in the refiled case were substantively different. *DeLuna*, 185 Ill. 2d at 581, 708 N.E.2d at 348. The supreme court set forth the following rule:

> "Where the party that procures an involuntary dismissal in a case is the same party that later asserts that the dismissal was a 'final adjudication on the merits,' then whether an adjudication on the merits actually occurred is determined by applying Rule 273 according to its plain terms. [Citation.] But where the party seeking to invoke the doctrine of *res judicata* is relying on the prior dismissal of a claim against a *different* party, then, *Leow* concluded, the prior dismissal must have caused the defendant to prepare to address the actual merits of plaintiff's claim before the dismissal will be deemed 'on the merits.' " (Emphasis in original.) *DeLuna*, 185 Ill. 2d at 578-79, 708 N.E.2d at 347 (quoting *Leow*, 175 Ill. 2d at 184-86, 676 N.E.2d at 1287-88).

In *DeLuna*, the supreme court stated it "believe[d] it would be particularly unfair to permit [the hospital] to avoid liability merely because of its [doctor] employee's fortuity in obtaining an

25

involuntary dismissal from plaintiff's lawsuit, where that dismissal did not otherwise absolve the employee of fault." *DeLuna*, 185 Ill. 2d at 582, 708 N.E.2d at 348.

Where there are other defendants who did not procure the dismissal of a distinct portion of a cause of action prior to a plaintiff's voluntary dismissal, we must apply the test set forth in *Leow* and *DeLuna*. Here, under this test the prior summary judgment on apparent agency caused the hospital to address the merits of plaintiffs' claim. Thus, we merely apply Supreme Court Rule 273 and conclude the summary judgment on apparent agency was on the merits and, under *Leow* and *DeLuna*, it operates as a *res judicata* bar prohibiting relitigation against Ingalls.

However, the application of *Leow* and *DeLuna* against the remaining defendants, Dr. Daube, Dr. Hidvegi for his own direct liability, and nurse Yaeger, yields a contrary result. Where the party seeking to invoke the doctrine of *res judicata* is relying on the prior dismissal of a claim against another party, the test is that "the prior dismissal must have caused the defendant to prepare to address the actual merits of plaintiff's claim before the dismissal will be deemed 'on the merits.'" *DeLuna*, 185 Ill. 2d at 578-79, 708 N.E.2d at 347 (citing *Leow*, 175 Ill. 2d at 184-86, 676 N.E.2d at 1287-88).

Defendants maintain that the *DeLuna* test is met in this case, in that all defendants continued to address the merits of plaintiffs' case and defended against all remaining claims, up until the very morning trial was scheduled to begin. Our supreme court recognized that "the *res judicata* effect of Rule 273 dismissals was also intended to apply to situations where defendants are put to the inconvenience of preparing to meet the merits of the case." *Leow*, 175 Ill. 2d at 186, 676 N.E.2d at 1288. However, here the defense of lack of apparent authority of Hidvegi as

an agent of Ingalls was "personal" to Ingalls on plaintiffs' claim for apparent agency liability against Ingalls and, therefore, did not cause the defendants to prepare to address the merits of plaintiffs' case against them. See *Curtis*, 394 Ill. App. 3d at 185, 914 N.E.2d at 260 (holding that defense was "personal" to one defendant and did not address the merits of the plaintiff's case against the other defendant, and therefore did not have a *res judicata* effect against that other defendant). Just as in *DeLuna*, it would be unfair to allow the remaining defendants to avoid their own liability merely because of Ingalls' fortuity in obtaining an involuntary dismissal on the apparent agency claim. *DeLuna*, 185 Ill. 2d at 582, 708 N.E.2d at 348 (holding that it would be "particularly unfair" to permit the hospital to avoid liability merely because of the doctor's fortuity in obtaining an involuntary dismissal, where that dismissal did not otherwise absolve the doctor of fault).

We find that plaintiffs are barred by *res judicata* from maintaining an apparent agency claim and any other claims which could have been raised against Ingalls, except the claim for *respondeat superior* based on employment or actual agency. However, the final judgment on the merits of the apparent agency claim does not act as a *res judicata* bar as to Hidvegi or the remaining defendants on any claims against them. We thus answer the second certified question in the affirmative as to Ingalls, except for an actual agency claim, but in the negative as to Hidvegi and the remaining defendants.

### CONCLUSION

For the foregoing reasons, we answer the first certified question in the negative, and the second certified question in the affirmative as to Ingalls, except as to a claim for *respondeat*

*superior* liability based on actual agency, but in the negative as to Hidvegi and the remaining defendants, and remand the matter to the circuit court.

Certified questions answered; cause remanded.

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

**MARSAE WILLIAMS, a Minor, by Jenel Beaton, His Mother and Next Friend, and JENEL BEATON, Individually,**

**Plaintiffs-Appellees,**

**v.**

**INGALLS MEMORIAL HOSPITAL, IMRE HIDVEGI, STEPHEN DAUBE, and THERESA YAEGER,**

**Defendants-Appellants.**

**No. 1-10-0334**

**Appellate Court of Illinois
First District, FOURTH DIVISION**

**February 17, 2011**

**Justice  Pucinski delivered the opinion of the court with opinion.**

**Presiding Justice Gallagher and Justice Lavin concurred in the judgment and opinion.**

Appeal from the Circuit Court of Cook County.
The Hon. Diane Joan Larsen, Judge Presiding.

**COUNSEL FOR APPELLANTS**

BARKER & CASTRO, LLC, of Chicago, IL
(Krista R. Frick, Anne S. Kuban)
AND

1-10-0334

CHUHAK & TECSON, P.C.
(Dennis Ferraro, Alan B. Ronson)

-

**COUNSEL FOR APPELLEES**

PAUL B. EPISCOPE, LLC, of Chicago, IL
(Michael T. Mullen, Richard J. Schroeder)